# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| TYLER BAKER, MIRRIAM ) <br> GEORGE, EMMA JACKSON, ) <br> SAIT KURMANGALIYEV, ) <br> GREGORY MANSEN, and ) <br> HERIBERTO TARVIESTO, ) <br> on behalf of themselves and all ) <br> others similarly situated, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> PARKMOBILE, LLC, ) <br> ) <br> Defendant. ) | CIVIL ACTION <br><br> FILE No. 1:21-cv-02182-SCJ |

**PLAINTIFF-INTERVENORS' BRIEF IN SUPPORT OF MOTION TO INTERVENE AND REQUEST TO HOLD MOTION TO APPOINT INTERIM CLASS COUNSEL IN ABEYANCE**

Pursuant to Local Rule 7.1(A)(1) Lauren Schaubach ("Schaubach") and Mark Aussieker ("Aussieker") (together, "Plaintiff-Intervenors"), by and through the undersigned counsel of record, file this, their Brief in Support of Motion to Intervene and Request to Hold Motion to Appoint Interim Class Counsel in Abeyance (the "Motion"). Plaintiff-Intervenors respectfully request that the Court grant their Motion based upon the following:

1

## I. INTRODUCTION

Plaintiff-Intervenors bring this Motion to be granted the right to intervene pursuant to Fed. R. Civ. P. 24(a) and (b) in the instant matter for the limited purpose of opposing Plaintiffs' Motion to Appoint Interim Class Counsel as to the California Subclass only based on the first-to-file rule, and the issue that Plaintiffs' Motion is premature and unnecessary given the posture of this matter. Plaintiff-Intervenors filed an action on June 10, 2021 alleging violations of California law on behalf of a California class which encompasses the California Subclass alleged in this matter which is represented by plaintiff Emma Jackson ("Jackson") who first filed a complaint alleging such claims on August 18, 2021. Because Jackson's claims seek to encompass Plaintiff-Intervenors first filed claims and Jackson's counsel seek to be appointed as class counsel for the California Subclass, Plaintiff-Intervenors have a strong interest in opposing such Motion which would otherwise attempt to preempt their earlier filed case.

For these reasons and those as set forth further herein, Plaintiff-Intervenors respectfully request the Court grant their Motion to Intervene and extend the deadline to file an Opposition to Plaintiffs' Motion to Appoint Interim Class Counsel to provide time for Plaintiff-Intervenors' intervention to be granted.

## II. PROCEDURAL BACKGROUND

### a. *Schaubach v. ParkMobile LLC et. al.*

On June 10, 2021, Plaintiff-Intervenor Lauren Schaubach filed a Class Action lawsuit in the United States District Court for the Central District of California, Case No. 8:21-cv-01024-CJC-ADS, against ParkMobile LLC and ParkMobile USA, Inc. ("Defendants") arising out of a data breach resulting in the exposure of her and other California consumers personal identifying information, email addresses, and passwords. Schaubach alleges claims under the California Consumer Privacy Act, Cal. Civ. C. § 1798.150 ("CCPA"), and negligence on behalf of a class consisting of "All consumers in California whose PII or email addresses and passwords were compromised in the Breach."[1] Plaintiff-Intervenor Mark Aussieker was added as an additional plaintiff on the same claims on August 20, 2021.

### b. *Baker et. al. v. ParkMobile LLC*

On May 25, 2021, Plaintiff Tyler Baker ("Baker") filed a class action complaint in this matter alleging a nationwide class for negligence and negligence *per se*. [Doc. 1]. Baker was represented by The Finley Firm, Chestnut Cambronne, PA, Markovits, Stock & De Marco, LLC, The Lyon Firm, and Zimerman Reed LLP. *Id.* On July 7, 2021, Baker jointly moved to consolidate his matter with the

---

[1] "The Breach" is defined as the hacking event that occurred in March 2021.

subsequently filed matters of Miriam George ("George") and Heriberto Travieso ("Travieso"). [Doc. 23]. George was represented by The Finley Firm, Carlson Lynch, LLP, Scott+Scott, Attorneys At Law, LLP, and the Murray Law Firm. Traviesto was represented by the Finley Firm, Lockridge Grindal Nauen P.L.L.P., Markovits, Stock & De Marco, LLC, and Hausfeld LLP. The Finley Firm, which represented George, Baker, and Travieso, signed on the stipulation on behalf of all three.

On July 8, 2021, the Court granted the Motion to Consolidate. [Doc. 24]. On July 13, 2021, the Parties filed another Motion to Consolidate seeking to add Sait Kurmangaliyev ("Kurmangaliyev") who had filed a complaint on July 8, 2021. [Doc. 26]. Kurmangaliyev is represented by the same attorneys as Baker—the Finley Firm, Zimmerman Reed LLP, and Chestnut Cambronne, PA. On July 14, 2021, the Court granted this amended motion to consolidate. [Doc. 29].

c. *Jackson v. ParkMobile LLC*

On August 18, 2021, in this matter, the Plaintiffs filed a Consolidated Amended Complaint naming Emma Jackson as a Plaintiff for the first time and alleging, also for the first time, a "California Subclass" consisting of "All residents of California that received or were otherwise sent notice that their data was potentially compromised due to ParkMobile's Data Breach" and claims under the

California Consumer Legal Remedies Act.[2] [Doc. 34]. Contemporaneously, Plaintiffs filed a Motion to Appoint Interim Class Counsel seeking to preliminarily appoint their counsel as Class Counsel for the Class and six proposed Subclasses. [Doc. 35]. Plaintiffs seek to have the Court approve a "leadership structure [that] is unanimously supported by all counsel for consumer Plaintiffs in this litigation" consisting of the Finley Firm (who already represented all Plaintiffs separately) and the Murray Law Firm as Co-lead Counsel and a Steering Committee of Scott+Scott, Chesnut Cambronne, Zimmerman Reed, Hausfeld LLP, Carlson Lynch, Lockridge Grindal Nauen, Stock & DeMarco LLC, and the Lyon Firm—which collectively make up all firms representing the Plaintiffs in these matters. *Id.* Opposition to such motion is due on September 1, 2021 pursuant to N.D.G.A. L.R. 7.1(B).

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 24 recognizes two forms of intervention: mandatory and permissive. A court *must* permit intervention as of right when a prospective intervenor "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless

---

[2] Jackson did not file a claim under the CCPA, likely in part because her CLRA notice letter went out the day the Complaint was amended and there is a mandatory cure period for the CCPA.

existing parties adequately represent that interest." Fed. R. Civ. 24(a)(2). *See also Fox v. Tyson Foods, Inc.*, 519 F.3d 1298, 1302–03 (11th Cir. 2008); *Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir. 1989).

"Rule 24 traditionally receives liberal construction in favor of applicants for intervention. Courts are guided primarily by practical and equitable considerations." *Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003) (citation omitted).

IV. ARGUMENT

    a. **Schaubach and Aussieker Are Entitled To Intervene As A Matter Of Right.**

To intervene of right under Rule 24(a)(2), a party must establish that "(1) his application to intervene is timely; (2) he has an interest relating to the property or transaction which is the subject of the action; (3) he is so situated that disposition of the action, as a practical matter, may impede or impair his ability to protect that interest; and (4) his interest is represented inadequately by the existing parties to the suit." *Fox v. Tyson Foods, Inc.*, 519 F.3d 1298, 1302–03 (11th Cir. 2008).

First, regarding the timely nature of Plaintiff-Intervenors' motion, Plaintiff-Intervenors' filed this Motion within two weeks of first learning about the Motion to Appoint Interim Counsel and prior to opposition to that Motion being due.

Second, regarding prejudice, nothing has happened in this Action except for the filing of a consolidated complaint and Plaintiffs' Motion to Appoint interim

counsel. The existing parties are not significantly prejudiced by intervention when neither substantial litigation nor settlement negotiations have taken place. *Hollywood Cmty. Synagogue, Inc. v. City of Hollywood*, 254 Fed. App'x 769, 771 (11th Cir. 2007).

Third, Schaubach and Aussieker's rights will be impeded by the disposition of this action. Jackson has alleged a California Subclass that encompasses the California Class earlier filed by Schaubach and Aussieker as set forth above. If this matter proceeds to judgment, it will necessarily encompass Schaubach and Aussieker's claims. Accordingly, Plaintiff-Intervenors are "real part[ies] in interest in the transaction which is the subject of the proceeding." *Chiles v. Thornburgh*, 865 F.2d 1197, 1214 (11th Cir. 1989). Further, their interests "need not, however, '"be of a legal nature identical to that of the claims asserted in the main action." *Id.* (citation removed).

Fourth, Schaubach and Aussieker's interests are not adequately represented by proposed interim counsel for the California Subclass. This element "is satisfied if the [proposed intervenor] shows that representation of his interest 'may be' inadequate" and that "the burden of making that showing should be treated as minimal." *Id.* (citing *Trbovich v. United Mine Workers of America*, 404 U.S. 528, 538 n. 10 (1972)). There are a few issues with Jackson's proposed representation of

Plaintiff-Intervenors' interests. First, Plaintiff-Intervenors' claims preceded Jackson's claims by over two months such that such claims should be stayed under the "first-to-file rule." Under the first-to-file rule, "[w]here two actions involving overlapping issues and parties are pending in two federal courts, there is a strong presumption across the federal circuits that favors the forum of the first-filed suit...." *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 (11th Cir. 2005) (alterations added; citations omitted). Plaintiffs remaining non-California claims do not suffer from this defect as they were filed at roughly the same time.

Second, there is no clear reason for the Court to even grant this early Motion for Appointment of Interim Counsel with respect to Jackson's claims where there is no conflict between counsel for Plaintiffs. As noted above and attested to in their Motion, Plaintiffs' counsel have agreed to a "leadership structure [that] is unanimously supported by all counsel for consumer Plaintiffs in this litigation" which involves all counsel for Plaintiffs. As Plaintiffs' counsel have already made an agreement as to how they will communicate and handle this matter, there is no benefit achieved by having the Court bless this arrangement under Fed. R. Civ. P. 23(g) where there is no conflict. The only impact of such motion by Jackson is to seek to be appointed interim Class Counsel over Plaintiff-Intervenors' claims in the earlier-filed, separate matter and thereafter seek to enjoin it. To the extent Plaintiffs'

counsel attests they are adequate counsel for the California Subclass, they will have the opportunity to move the Court to do so in their Motion for Class Certification.

Third, Jackson also only seeks injunctive relief at this stage under the Consumer Legal Remedies Act and does not currently seek to advocate on behalf of Plaintiff-Intervenors' CCPA claim, which provides for mandatory statutory damages pursuant to § 1798.150(a)(1)(A). Accordingly, Plaintiffs' counsel may be inadequate to represent Plaintiff-Intervenors' claims because they are not pursuing all remedies available to Plaintiff-Intervenors. Thus, the fourth factor is satisfied.

Because Plaintiff-Intervenors have demonstrated all four factors, this Motion should be granted as a matter of right and Plaintiff-Intervenors should be permitted to intervene for the purposes of filing an opposition to Plaintiffs' Motion to Appoint Interim Counsel as to the California Subclass.

**b. Alternatively, Schaubach and Aussieker May Be Granted Intervention Permissively By The Court.**

In the alternative, Plaintiff-Intervenors seek to intervene under permissive intervention of Rule 24(b). "Permissive intervention under Fed. R. Civ. Proc. 24(b) is appropriate where a party's claim or defense and the main action have a question of law or fact in common and the intervention will not unduly prejudice or delay the adjudication of the rights of the original parties." *Mt. Hawley Ins. Co. v. Sandy Lake Props., Inc.*, 425 F.3d 1308, 1312 (11th Cir. 2005). When exercising its discretion,

a district court "can consider almost any factor rationally relevant but enjoys very broad discretion in granting or denying the motion [to intervene]." *Daggett v. Comm'n on Governmental Ethics & Election Practices*, 172 F.3d 104, 113 (1st Cir. 1999).

To the extent the Court finds Plaintiff-Intervenors have not demonstrated all four factors as set forth above, Plaintiff-Intervenors have adequately demonstrated that there is a common question of law or fact between Plaintiff-Intervenors and Jackson and there is no undue prejudice or delay. Accordingly, permissive intervention is also appropriate and should be granted by this Court if intervention as a matter of right is denied.

## V. CONCLUSION

For the reasons set forth above, Plaintiff-Intervenors respectfully request that this Court grant his motion to intervene in this action and extend the time to file an opposition to Plaintiffs' Motion to Appoint Interim Counsel.

Dated: August 30, 2021.

Respectfully submitted,

/s/Craig J. Ehrlich
Craig J. Ehrlich
Georgia Bar No. 242240
The Law Office of Craig J. Ehrlich, LLC
*Of-Counsel to the Law Offices of Todd M. Friedman, P.C.*

1123 Zonolite Road, N.E., Suite 7-B
Atlanta, Georgia 30306
Tel: (404) 365-4460
Fax: (855) 415-2480
craig@ehrlichlawoffice.com

/s/Todd M. Friedman
Todd M. Friedman
California Bar No. 216752
(*pro hac vice pending*)
Law Offices of Todd M. Friedman, P.C.
*Attorneys for Plaintiff-intervenors*
*Lauren Schaubach and Mark Aussieker*
21031 Ventura Boulevard, Ste. 340
Woodland Hills, CA 91364
Tel: (877) 206-4741
Fax: (866) 633-0228
tfriedman@toddflaw.com

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1

The undersigned hereby certifies that the foregoing document has been prepared in accordance with the font type and margin requirements of Local Rule 5.1 of the Northern District of Georgia, using a font type of Times New Roman and a point size of 14.

/s/Craig J. Ehrlich
Craig J. Ehrlich