# EXHIBIT 1

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| TYLER BAKER, MARIAM GEORGE, EMMA JACKSON, SAIT KURMANGALIYEV, GREGORY MANSON, HERIBERTO TRAVIESTO and JACK WEAVER, on behalf of themselves and all others similarly situated, | ) ) ) ) ) ) ) ) ) | Case No. 1:21-CV-02182-SCJ |
| Plaintiffs, | ) | |
| v. | ) ) | |
| PARKMOBILE, LLC, | ) ) | |
| Defendant. | ) ) | |

## <u>SETTLEMENT AGREEMENT AND RELEASE</u>

This Settlement Agreement and Release ("Agreement") is entered into by and between (a) Plaintiffs Tyler Baker, Mariam George, Emma Jackson, Sait Kurmangaliyev, Gregory Manson, Herbierto Traviesto and Jack Weaver, ("Plaintiffs"), on behalf of themselves and the Settlement Class (as defined below); and (b) ParkMobile, LLC ("Defendant") (each of the foregoing a "Party" and, collectively, the "Parties"). This Agreement fully and finally compromises and settles any and all claims that are, were, or could have been asserted against

1

Defendant and all other Released Parties in the above-captioned Action, and all related litigation, as set forth herein.

## I. RECITALS

1.    Plaintiffs filed various civil actions against Defendant in connection with the Data Security Incident, which may have impacted certain Personal Information of certain customers of Defendant.

2.    Those various civil actions were ultimately consolidated into the Action (as defined in para. 6 below).  On August 29, 2022, Plaintiffs filed the Second Amended Consolidated Class Action Complaint in the Action.

3.    Defendant denies: (a) the allegations and all liability with respect to any and all facts and/or claims alleged in the Action; (b) that the class representatives in the Action and the classes they purport to represent have suffered any injury and/or damages; and (c) that the Action satisfies the requirements to be tried as a class action, whether under Federal Rule of Civil Procedure 23 or otherwise.

4.    The Parties recognize the expense and length of proceedings necessary to continue the litigation of the Action through further motion practice, discovery, trial, and any possible appeals. The Parties have taken into account the uncertainty and risk of the outcome of further litigation, and the expense, difficulties, and delays inherent in such litigation. The Parties are also aware of the burdens of proof necessary to establish liability and damages for the claims alleged in the Action and

the defenses thereto. The Parties determined the settlement set forth in this Agreement is in their respective best interests and the Agreement is fair, reasonable, and adequate. The Parties have therefore agreed to settle the claims asserted in the Action pursuant to the terms and provisions of this Agreement, subject to Court approval.

5.    It is the intention of the Parties to fully and finally resolve any and all claims that are, were, or could have been asserted against the Released Parties related to the facts giving rise to the Action on the terms set forth herein.

**NOW, THEREFORE**, in consideration of the promises, covenants, and agreements herein described and for other good and valuable consideration acknowledged by each of the Parties to be satisfactory and adequate, and intending to be legally bound, the Parties do hereby mutually agree as follows:

## II.    DEFINITIONS

As used in all parts of this Agreement, including the recitals above, and the exhibits hereto, the following terms have the meaning specified below:

6. **"Action"** shall mean the action captioned *Tyler Baker, Mariam George, Emma Jackson, Sait Kurmangaliyev, Gregory Manson, Herberto Traviesto and Jack Weaver, on behalf of themselves and all others similarly situated, v. ParkMobile, LLC*, Case No. 1:21-CV-02182-SCJ.  For the purpose of this agreement, the Action shall also be deemed to include all other litigation consolidated in that proceeding or

3

otherwise arising out of the Data Security Incident.

7.    **"Administration and Notice Costs"** means all reasonable costs and expenses incurred by the Settlement Administrator in carrying out its duties under this Agreement, including all costs and expenses incurred in connection with implementing and executing the Notice Plan.

8.    **"Agreement"** means this Settlement Agreement and Release and all exhibits hereto.

9.    **"Approved Claims"** shall mean complete and timely Claim Forms submitted by Settlement Class Members that have been approved by the Settlement Administrator.

10.    **"CAFA Notice"** means a notice of the proposed Settlement in compliance with the requirements of the Class Action Fairness Act, 28 U.S.C. § 1711, *et seq.* ("CAFA"), to be served upon the appropriate state official in each state where a Settlement Class Member resides and the appropriate federal official. Costs for preparation and issuance of the CAFA Notice will be paid from the Settlement Fund.

11.    **"Claims Deadline"** shall mean the date by which all Claim Forms must be submitted (electronically) to be considered timely and shall be set as **ninety (90) days after the Notice Deadline.** The Claims Deadline shall be clearly set forth in the Notice and Claim Form.

12. **"Claim Form"** shall mean the form/election that Settlement Class Members may submit electronically to obtain compensation under this Agreement, which is attached as **Exhibit A.**

13. **"Class Counsel"** shall mean MaryBeth V. Gibson, Gibson Consumer Law Group, LLC and Arthur Murray, The Murray Law Firm.

14. "**Class List"** shall mean a list compiled by the Settlement Administrator that shall include all persons identified by Defendant to be Settlement Class Members, and whose names and contact information is provided to the Settlement Administrator by Defendant, containing the names and addresses of individuals (when available) qualifying as Settlement Class Members who were provided notification by Defendant of the Data Security Incident.

15. "**Consolidated Complaint**" shall mean the Second Amended Consolidated Class Action Complaint filed by Plaintiffs against Defendant in the Action on August 29, 2022, asserting claims arising out of the Data Security Incident.

16. **"Court"** shall mean the Honorable Steve C. Jones, United States District Court of the Northern District of Georgia.

17. **"Data Security Incident"** means the cyberattack and data breach arising out of or related to the allegations or events described in the Second Amended Consolidated Class Action Complaint filed in the Action.

18.     **"Day(s)"** means calendar days, but does not include the day of the act, event, or default from which the designated period of time begins to run. Further and notwithstanding the above, when computing any period of time prescribed or allowed by this Agreement, "Days" includes the last day of the period unless it is a Saturday, a Sunday, or a federal or Georgia state legal holiday, in which event the period runs until the end of the next day that is not a Saturday, Sunday, or federal or Georgia state legal holiday.

19.     "**Defendant's Counsel**" shall mean Shook, Hardy and Bacon LLP for Defendant.

20.     **"Effective Date"** shall mean the date when this Agreement becomes final, which is the latest of (a) thirty-five (35) days after the Final Approval Order or the date upon which the time expires for seeking appellate review of the Final Approval Order and Judgment, or, (b) if any appeal is filed, the date of receipt of an order by the highest appealable court affirming the Final Approval Order and Judgment without material change or dismissing or otherwise disposing of the appeal with prejudice.

21.     **"Escrow Agent"** means Angeion Group, LLC ("Angeion").

22.     **"Fee Award and Expenses"** shall mean the amount of attorneys' fees and reimbursement of litigation expenses awarded by the Court to Class Counsel.

23. **"Final Approval"** means entry of a Final Approval Order and Judgment.

24. **"Final Approval Hearing"** shall mean the hearing before the Court where the Plaintiffs will request a judgment to be entered by the Court approving this Agreement and approving the Fee Award and Expenses.

25. **"Final Approval Order and Judgment"** shall mean an order entered by the Court that:

    a.    Certifies the Settlement Class pursuant to Federal Rule of Civil Procedure 23;

    b.    Finds that the Settlement is fair, reasonable, and adequate, was entered into in good faith and without collusion, and approves and directs consummation of this Agreement consistent with all material provisions of the Agreement;

    c.    Dismisses Plaintiffs' claims pending before it with prejudice and without costs, except as explicitly provided for in this Agreement;

    d.    Approves the Release provided in Section XV and orders that, as of the Effective Date, the Released Claims will be released as to the Released Parties;

    e.    Reserves jurisdiction over the Settlement and this Agreement; and

    f.    Finds that there is no just reason for delay of entry of the Final

Approval Order and Judgment with respect to the foregoing.

26.    **"Long Form Notice"** shall mean the detailed, long form notice that will be posted on the Settlement Website that will include robust details about the Settlement, the content of which will be substantially in the form attached as **Exhibit B.**

27.    **"Notice"** shall mean the direct notice of this proposed Settlement in accordance with Rule 23 of the Federal Rules of Civil Procedure, which is to be provided to Settlement Class Members substantially in the manner set forth in this Agreement and is consistent with the requirements of Due Process. Nothing in this Agreement shall be understood or construed to create any obligation on the part of Defendants to provide notice regarding the Data Security Incident to any person, except as set forth herein.

28.    **"Notice Deadline"** shall mean **30 days after the Court's entry of the Preliminary Approval Order**, which is the day by which Notice to the Settlement Class Members must be commenced.

29.    **"Notice Plan"** means the notice program described in this Agreement.

30.    **"Objection Deadline"** shall mean the date by which a written objection to this Agreement must be postmarked and/or filed with the Court and sent to the

Settlement Administrator, which shall be designated as **sixty (60) days after the Notice Deadline**, or such other date as ordered by the Court.

31.    **"Opt-Out Deadline"** shall mean the last day on which a Settlement Class Member may postmark a request to be excluded from the Settlement Class to the Settlement Administrator, which shall be designated as **sixty (60) days after the Notice Deadline**, or such other date as ordered by the Court. Settlement Class Members' opt-out requests may also be referred to herein as a Request for Exclusion.

32.    **"ParkMobile App"** is the "App" that ParkMobile makes available to Class Members (and others) to park.

33.    "**PII**" and **"Personal Information"** are interchangeable and together encompass any kind of non-public "personally identifiable information" and/or "personal information," with those terms for purposes of this Agreement defined broadly and to include any information the disclosure of which may give rise to a claim.  For the purposes of this Agreement, this shall include, but is not limited to: names; license plate numbers; email addresses; phone numbers; vehicle nicknames; mailing addresses; birthdates; usernames and passwords; and, credit card information; to the extent any of the foregoing, separately or in combination with other information, would meet the foregoing definition of PII and Personal Information.  This is not an admission that all of these types of information were impacted by the Data Security Incident.

34. **"Preliminary Approval Order"** shall mean the Court's Order preliminarily approving this Agreement, certifying the Settlement Class for settlement purposes, and directing notice of the Settlement to the Settlement Class substantially in the form of the Notice as set forth in this Agreement, which is attached as **Exhibit D**.

35. **"Released Claims"** shall mean any and all claims or causes of action of every kind and description, including but not limited to any claims or causes of action in law, contract, tort or equity, complaints, suits, or petitions, any allegations of wrongdoing, alleged violations of law, demands for legal, equitable or administrative relief (including, but not limited to, any claims for injunction, rescission, reformation, restitution, disgorgement, unjust enrichment, constructive trust, declaratory relief, damages, compensatory damages, consequential damages, penalties, exemplary damages, statutory damages, punitive damages, contract damages, attorneys' fees, costs, interest or expenses) that the Releasing Parties had, have, or may claim now or in the future to have (including, but not limited to, assigned claims and any and all "Unknown Claims" as defined in this Agreement) that were or could have been asserted or alleged arising out of the Data Security Incident or the same nucleus of operative facts as any of the claims alleged or asserted in the Action (including but not limited to the facts, transactions, occurrences, events, acts, omissions, or failures to act that were alleged, argued,

raised, or asserted in any pleading or court filing in the Action), or any related litigation, whether or not those claims, demands, actions, or causes of action have been pleaded or otherwise asserted, including any and all damages, losses, or consequences thereof. In addition, Released Claims includes but is not limited to any claim, cause of action, suit or demand for relief concerning: (a) the disclosure of the Settlement Class Members' Personal Information in the Data Security Incident; (b) Released Parties' maintenance of the Settlement Class Members' Personal Information as it relates to the Data Security Incident; (c) Released Parties' security policies and practices; (d) Released Parties' handling of the Data Security Incident, and/or (e) Released Parties' provision of notice to the Settlement Class Members following the Data Security Incident, whether or not those claims, demands, actions, or causes of action have been pleaded or otherwise asserted, including any and all damages, losses, or consequences thereof. The foregoing includes, but is not limited to, any claim, suit, or proceeding that could be brought under any general business law, deceptive trade practice act, unfair competition law, privacy law, or similar law or regulation, which includes but is not limited to: Georgia's Uniform Deceptive Trade Practices Act (O.C.G.A. §§ 10-1-370, et seq.); California's Legal Remedies Act (Cal. Civ. Code §§ 1750, et seq) and Consumer Privacy Act (Cal. Civ. Code § 1798.150); Florida's Deceptive and Unfair Trade Practices Act (Fla. Stat. §§ 501.20, et seq.); New York's General Business Law (N.Y.

Gen. Bus. Law § 349); Pennsylvania's Unfair Trade Practices Act (73 P.S. § 201-1 et seq.); Virginia's Consumer Protection Act (V.S. §§ 59.1-196, et seq.); and Vermont's Consumer Protection Act (9 V.S.A. § 2451).

36.    **"Released Parties"** means Defendant and all of its respective past, present, and future (whether direct or indirect) parents, parent organizations, subsidiaries, divisions, departments, affiliates, employees, managers, officers, directors, owners, shareholders, members, partners, servants, agents, attorneys, advisors, consultants, representatives, insurers, reinsurers, excess insurers, subrogees and the heirs, executors, predecessors, successors, and assigns of any of the foregoing.

37.    **"Releasing Parties"** means each of the Settlement Class Representatives and Settlement Class Members, and each of their respective heirs, executors, administrators, representatives, agents, partners, successors, attorneys, and assigns.

38.    "**Remainder Funds**" means the funds, if any, that remain in the Settlement Fund after payment of costs of CAFA Notice, Administration and Notice Costs, Fee Award and Expenses, and claims for Cash Payments.

39.    **"Settlement"** means the settlement reflected by this Agreement.

40.    **"Settlement Administration Fund"** means the non-reversionary sum of three hundred thousand dollars and zero cents ($300,000.00) that Defendant will

12

cause to be paid as specified in this Agreement for Administration, Notice Costs, and CAFA Notice.

41.    **"Settlement Administrator**" means the class action settlement administrator, Angeion Group, LLC ("Angeion"), which has been retained to carry out the Notice Plan and administer the claims and settlement fund distribution process.

42.    **"Settlement Class**" means all individuals that received or were otherwise sent notice that their Personal Information was potentially compromised due to ParkMobile's Data Security Incident.   Excluded from the Settlement Class are the judges presiding over this Action and members of their direct families, and Settlement Class Members who submit a valid Request for Exclusion prior to the Opt-Out Deadline.

43.    "**Settlement Class Member"** shall mean an individual who falls within the definition of the Settlement Class.

44.    **"Settlement Class Representatives"** shall mean Plaintiffs Tyler Baker, Mariam George, Emma Jackson, Sait Kurmangaliyev, Gregory Manson, Herberto Traviesto and Jack Weaver.

45.    **"Settlement Fund"** means the non-reversionary sum of nine million dollars and zero cents ($9,000,000.00) to be paid by the Released Parties as specified in this Agreement. The Settlement Fund will be established by the Settlement

Administrator or Class Counsel at Huntington Bank pursuant to 26 C.F.R. § 1.468B-1.

46.    "**Settlement Website**" means the website the Settlement Administrator will establish as soon as practicable following entry of the Preliminary Approval Order as a means for Settlement Class Members to obtain notice of and information about the Settlement and relevant case documents and deadlines. The Settlement Website shall contain relevant documents, including, but not limited to, a downloadable version of a customary form of Short Form Notice, a customary form of Long Form Notice, a customary version of the Claim Form, which together shall include a fair summary of the Settling Parties' respective litigation positions, the general terms of the settlement, instructions for how to object or opt-out of the settlement, the process and instructions for making claims, and the date, time and place of the Final Approval Hearing; this Agreement; Plaintiffs' motion for preliminary approval of the Settlement; the Preliminary Approval Order; and Class Counsel's motion for attorneys' fees and expenses. The Settlement Website shall also include a toll-free telephone number, email address, and mailing address through which Settlement Class Members may contact the Settlement Administrator directly. The Settlement Website shall not include any advertising and shall remain operational until at least 60 days after all Settlement Payments have been distributed.

47. "**Short Form Notice**" is the email notice that will be emailed to Settlement

Class Members by the Settlement Administrator, the content of which will be substantially in the form attached as **Exhibit C.**

48.    **"Taxes and Tax-Related Expenses"** means any and all applicable taxes, duties, and similar charges imposed by a government authority (including any estimated taxes, interest or penalties) arising in any jurisdiction, if any, with respect to the income or gains earned by or in respect of the Settlement Fund, including, without limitation, any taxes that may be imposed upon the Settlement Fund for any period while it is held in the Settlement Fund.

49.    **"Unknown Claims"** means claims that could have been raised in the Action and that any of the Settlement Class Representatives or Settlement Class Members, and each of their respective heirs, executors, administrators, representatives, agents, partners, successors, attorneys, and assigns, does not know or suspect to exist, which, if known by him, her, or it, might affect his, her, or its agreement to release the **Released Parties** or might affect his, her, or its decision to agree, object, or not to object to the Settlement.

## III.    CERTIFICATION OF THE SETTLEMENT CLASS

50.    For settlement purposes only, Plaintiffs request the Court certify the Settlement Class.

51.     Solely for the purpose of implementing this Agreement and effectuating the Settlement, Defendant agrees to stipulate to the certification of the Settlement Class and will not oppose Plaintiffs' request for certification.

52.     If this Agreement is terminated or disapproved, or if the Effective Date should not occur for any reason, then Defendant's stipulation will be withdrawn and deemed to be of no effect in this or any other proceeding.

## IV.    THE SETTLEMENT FUND AND THE SETTLEMENT ADMINISTRATION FUND

53.     Defendant will cause to be made available the Settlement Fund, from which payment of Settlement Class Member claims, and the Fee Award and Expenses will be made. The failure of Defendant to make the funds available as called for in this Agreement will be considered a material breach of the Agreement by Defendant. The Settlement Fund will be used to fund the settlement provisions listed herein.

54.     Separately, Defendant will make available the Settlement Administration Fund from which Administration, Notice Costs, and CAFA notice will be made.

55.     Within **twenty-one (21) days** after the Preliminary Approval Order is entered, Defendant will cause $300,000 to be released into the Settlement Administration Fund. No payment for Administration and Notice Costs shall be

made until **twenty-one (21) days** after the Court enters the Preliminary Approval Order.

56.    Defendant will cause the transfer of $9,000,000 into the Settlement Fund within **twenty-one (21) days** after the Effective Date.

## V.    BENEFITS TO SETTLEMENT CLASS MEMBERS

57.    **Establishment of Settlement Fund:** Defendant will cause to be funded a Non-Reversionary Cash Settlement Fund to be administered by the Settlement Administrator in the amount of $9,000,000.00.  Each Settlement Class Member will be able to elect to take a cash payment from the remainder of this fund after the payment of the Fee Award and Expenses, as well as Administration and Notice Costs, if any, that exceed the $300,000.00 Settlement Administration Fund.  Payment to each Settlement Class Member who elects to take the cash payment is capped at $25 pro rata per class member.

58.    **Alternative ParkMobile Application ("ParkMobile App") Credit:** At the end of the Claims Period, for each Settlement Class Member who does not elect a cash payment, ParkMobile will email the Settlement Class Member a code to receive a $1 credit for use in the ParkMobile App.  Settlement Class Members who receive this code will have one year to input the code into the ParkMobile App. There will be an overall cap of $21,000,000 available to Settlement Class Members as a credit – for the Class of approximately twenty-one million Class Members.

This credit will apply to the ParkMobile fee on parking transaction(s) not to the fee owed to the parking premises/owner (which is not in Defendant's control). The credit will sunset after one year as is required for accounting purposes, except for California residents for whom it will not sunset. The Settlement Administrator will provide to Defendant a list of class members to whom the credit should be offered.

59. **Service Awards: Forty-five (45) days** after the Notice Deadline, Plaintiffs will move separately for class service award not to exceed $5,000.00 per Settlement Class Representative to be paid from the Settlement Fund. Defendant reserves the right to oppose Plaintiffs' motion for service awards.

60. **Business Practices Commitments:** In addition to the foregoing, the Settlement includes a $2,500,000.00 credit for business remedial measures implemented by Defendant. Defendant will provide Plaintiffs with a declaration from Defendant attesting to enhanced data security procedures put in place subsequent to the Data Security Incident. Plaintiffs will verify the information contained therein. None of the past or future costs associated with the development and implementation of these enhanced security procedures has been or will be paid by Plaintiffs and no portion of the $9,000,000.000 Settlement Fund is to be used for this purpose.

## VI.    SETTLEMENT ADMINISTRATION

61.    **Administration and Notice Costs:** The first $300,000.00 of costs and fees for settlement administration will be paid separately on behalf of Defendant including the costs of notice and reminder notice(s) ("Settlement Administration Fund"). The balance of any fees for settlement administration after the first $300,000.00 is expended, if any, will be paid from the Settlement Fund. The Settlement Administrator will file any necessary tax returns and pay all taxes required on behalf of the Settlement Fund and any such Taxes and Tax-Related Expenses will be included in the Administration and Notice Costs.

62.    The Parties agree Angeion will be the Settlement Administrator, who is charged with delivering sufficient notice (including direct notice) and administering the claims process. Within **twenty-one (21) days** of an order directing Class Notice, Defendant will provide the Class List to the Settlement Administrator, as called for in paragraph 14 herein. Should Angeion be unable, unwilling or unavailable to serve and/or continue serving as the Settlement Administrator, the Parties will agree on a different qualified entity to serve as the Settlement Administrator.

63.    The Parties agree that the period for filing claims will be set at a date certain at no more than **ninety (90) days** from the date that Notice is commenced to the Settlement Class. Class Notice will be commenced within **thirty (30) days** following the Court's Order Granting Preliminary Approval.

19

64.    Within **ten (10) days** following the filing of the Motion for Preliminary Approval and the Settlement Agreement, the Settlement Administrator, on behalf of Defendant, shall cause a CAFA Notice to be served upon the appropriate State and Federal officials. All expenses incurred in connection with the preparation and service of the CAFA Notice by the Settlement Administrator shall be payable from the separate $300,000.00 Settlement Administrative Fund.

65.    Defendant shall not have any responsibility for or liability whatsoever with respect to (a) any act, omission or determination of the Settlement Administrator, or any of its designees or agents, in connection with the administration of the Settlement or otherwise; (b) the management, investment or distribution of the Settlement Fund; (c) the formulation, design, or terms of the disbursement of the Settlement Fund; (d) the determination, administration, calculation or payment of any claims asserted against the Settlement Fund; (e) any losses suffered by, or fluctuations in the value of the Settlement Fund; or (f) the payment or withholding of any taxes, expenses, and/or costs incurred in connection with the taxation of the Settlement Fund or the filing of any returns.

## VII.   NOTICE TO SETTLEMENT CLASS MEMBERS

66.    The Parties agree that the following Notice Plan provides reasonable notice to the Settlement Class.

67.    The Administrator will provide Direct Notice to Settlement Class Members by email to the email addresses Defendant collected from Settlement Class Members and provided to the Administrator.

68.    The Settlement Administrator shall agree to maintain the confidentiality of the Class List and related information provided by Defendant, to implement appropriate safeguards to prevent unauthorized access to that data, and to use that data strictly for the business purpose of administering the Settlement.

69.    Within **thirty (30) days** following entry of the Preliminary Approval Order, the Settlement Administrator shall email the Short Form Notice and Claim Form to all Settlement Class Members.

70.    No later than **thirty (30) days** following entry of the Preliminary Approval Order, and prior to notice commencing, the Settlement Administrator shall create a dedicated Settlement Website that will inform Class Members of the terms of this Agreement, their rights, relevant dates and deadlines, and related information. The Settlement Website shall include, in .pdf format and available for download, the following: (a) the Long Form Notice; (b) the Short Form Notice; (c) the Claim Form; (d) the Preliminary Approval Order; (e) this Agreement; (f) the Second Amended Consolidated Complaint; and (g) any other materials agreed upon by the Parties and/or required by the Court. The Settlement Website shall provide Class Members with the ability to complete and submit the Claim Form electronically.

71.    The Settlement Administrator shall establish a toll-free help line to provide Settlement Class Members with information about the settlement. The Settlement Administrator will provide copies of the Short Form Notice, Long Form Notice, and paper Claim Form, as well as this Agreement, upon request.

72.    Within **thirty (30) days** following entry of the Preliminary Approval Order and through the Claims Period, Defendant shall provide in-app notice of the claims administration process to its users on the ParkMobile App.

73.    Prior to the Final Approval Hearing, the Settlement Administrator shall provide to Class Counsel to file with the Court an affidavit or declaration certifying compliance with the Court-approved Notice Plan.

74.    The Settlement Administrator will also be responsible for accounting for all the claims made and exclusions requested, determining eligibility, and disbursing funds from the Settlement Fund directly to Settlement Class Members.

## VIII.  OPT-OUT PROCEDURE

75.    Each Settlement Class Member shall have the right to request exclusion from the Settlement, as provided for in the Preliminary Approval Order.

76.    The Short Form Notice shall inform each Settlement Class Member of his or her right to request exclusion from the Settlement Class and not be bound by this Agreement if, before the Opt-Out Deadline**,** the Settlement Class Member

22

completes and mails a request for exclusion to the Settlement Administrator at the mail address set forth in the Short Form Notice**.**

77.    Valid Settlement Class Member Opt-Out Requests must (a) state a full name, address, email address and telephone number; (b) contain the Settlement Class Member's original signature; and (c) state the Settlement Class Member's intent to be excluded from the Settlement Class and Settlement.

78.    Opt-outs must be mailed to the Settlement Administrator no later than **sixty (60) days** after the Notice Deadline (the "Opt-Out Deadline"). The Opt-out Deadline shall be included in the Short Form and Long Form Notices.

79.    The Settlement Administrator shall promptly inform Class Counsel and Defendant's Counsel of all valid and timely submitted Opt-Out Requests.

80.    Opt-Out Members are ineligible to receive benefits or compensation under this Agreement and have no rights to object to the proposed Settlement or address the Court at the Final Approval Hearing.

81.    An Opt-Out request that does not comply with these terms is hereby invalid.

82.    In the event that an agreed upon number of potential settlement class members elect to opt-out of the settlement class, Defendant may terminate this agreement and any settlement terms or agreements then in effect.  The agreed upon

number of opt-outs has been commemorated in a letter between counsel dated October 22, 2024.

## IX.    OBJECTIONS TO THE SETTLEMENT

83.    Any Settlement Class Member who wishes to object to the proposed Settlement must file with the Court a written objection(s) to the Settlement.

84.    Each Objection must (a) set forth the Settlement Class Member's full name, current address, email address, telephone number; (b) contain the Settlement Class Member's original signature; (c) state that the Settlement Class Member objects to the Settlement in whole or in part; (d) set forth a statement of the legal and factual basis for the Objection; and (e) provide copies of any documents that the Settlement Class Member wishes to submit in support of his/her position.

85.    Objections must be filed with the Court and served on Class Counsel and Defendant's Counsel no later than **sixty (60) days** after the Notice Deadline (the "Objection Deadline"). The Objection Deadline shall be included in the Short Form and Long Form Notices.

86.    Counsel for Plaintiffs and Defendant may respond to the Objections, if any, by means of a memorandum of law, filed and served prior to the Final Approval Hearing.

87.    An objecting Settlement Class Member has the right, but is not required to, attend the Final Approval Hearing. If an objecting Settlement Class Member

intends to appear at the Final Approval Hearing, either with or without counsel, he or she must also file a notice of appearance with the Court, as well as serve notice on Class Counsel and Defendant's Counsel by the Objection Deadline.

88.    Any Settlement Class Member who fails to submit a timely Objection per the terms of this Agreement, the Long Form Notice, and as otherwise ordered by the Court, shall not be treated as having filed a valid Objection to the Settlement and shall forever be barred from raising any objection to the Settlement.

## X.    ATTORNEYS' FEES, COSTS, AND EXPENSES

89.    The Fee Award and Expenses will be paid from the Settlement Fund.

90.    Defendant will not oppose Plaintiffs' Motion for a Fee Award and Expenses of up to 22% of the total value of the gross Settlement Fund of $32,800,000.00) (together, the aforementioned "Fee Award and Expenses"). Class Counsel shall submit a motion for Fee Award and Expenses no later than **forty-five (45) days** after the Notice Deadline (which is **fifteen (15) days** before the Objection and Opt-Out Deadline).

91.    The Fee Award and Expenses awarded by the Court shall be paid by the Settlement Administrator from the Settlement Fund no later than **thirty (30) days** after the Effective Date. Payment will be made to accounts designated by Class Counsel who shall have sole discretion in allocating attorneys' fees and expenses.

## XI.    NOTICES

92.    All notices (other than the Notice to Class Members) required by this Agreement shall be made in writing and communicated by First Class U.S. mail and email to the following individuals at the following addresses:

All notices to Class Counsel shall be sent to:

MaryBeth V. Gibson
**Gibson Consumer Law Group, LLC**
4279 Roswell Road
Suite 208-108
Atlanta, GA  30342
marybeth@gibsonconsumerlawgroup.com

Art Murray
Caroline Thomas White
**MURRAY LAW FIRM**
701 Poydras Street, Suite 4250
New Orleans, LA 70139
amurray@murray-lawfirm.com
cthomas@murray-lawfirm.com

All notices to Defendant shall be sent to:

Joshua L. Becker
**SHOOK, HARDY & BACON LLP**
1230 Peachtree Street, Suite 1200
Atlanta, GA 30309
jbecker@shb.com

Tammy B. Webb
**SHOOK, HARDY & BACON LLP**
555 Mission Street, Suite 2300
San Francisco, CA 94105
tbwebb@shb.com

93.    Other than attorney-client communications or those otherwise protected from disclosure pursuant to law or rule, the Parties shall promptly provide to each other copies of comments, Objections, Opt-Out Requests, or other documents or filings received from a Settlement Class Member as a result of the Notice Plan.

## XII.  SETTLEMENT APPROVAL PROCESS

94.    As soon as practicable after the execution of this Agreement, the Settlement Class Representatives and Class Counsel shall submit this Agreement to the Court and file a motion for preliminary approval of the Settlement, requesting entry of a Preliminary Approval Order substantially in the form attached hereto as **Exhibit D**, requesting, among other things:

     a.  Certification of the Settlement Class for settlement purposes only;

     b.  Preliminary approval of this Agreement;

c. Appointment of MaryBeth V. Gibson, Gibson Consumer Law Group, LLC, and Arthur Murray, The Murray Law Firm, as Class Counsel;

d. Appointment of Tyler Baker, Mariam George, Emma Jackson, Sait Kurmangaliyev, Gregory Manson, Herberto Traviesto and Jack Weaver, as the Settlement Class Representatives;

e. Approval of the Notice Plan**;**

f. Approval of a Short Form Notice substantially similar to the one attached hereto as **Exhibit C**;

g. Approval of a Long Form Notice substantially similar to the one attached hereto as **Exhibit B**;

h. Approval of a claim form substantially similar to the one attached hereto as **Exhibit A;** and

i. Appointment of the Settlement Administrator.

j. The Long Form Notice, Short Form Notice, and Claim Form shall be reviewed by the Settlement Administrator and may be revised as agreed by the Parties after submission to the Court with the Motion for Preliminary Approval of the Settlement.

k. After entry by the Court of a Preliminary Approval Order, and no later than **fourteen (14) days** before the Final Approval Hearing, the Settlement Class Representatives shall file a motion seeking final

28

approval of the Settlement and entry of a Final Approval Order and Judgment, including a request that the preliminary certification of the Settlement Class for settlement purposes be made final.

## XIII. FINAL APPROVAL HEARING

95.    The Parties will recommend the Final Approval Hearing be scheduled no earlier than **one hundred and twenty (120) days** after the entry of the Preliminary Approval Order.

96.    Any Settlement Class Member who wishes to appear at the Final Approval hearing must mail to the Court or file a notice of appearance in the Action by the Objection Deadline, as well as take actions required in the Long Form Notice or as otherwise required by the Court.

97.    The Parties shall ask the Court to enter a Final Approval Order and Judgment including the following provisions:

    a.  A finding that the Notice Plan fully and accurately informs all Settlement Class Members entitled to notice of the material elements of the Settlement, constitutes the best notice practicable under the circumstances, constitutes valid, due, and sufficient notice, and complies fully with Fed. R. Civ. P. 23, the United States Constitution and any other applicable law;

b. A finding that after proper notice to the Settlement Class Members, and after sufficient opportunity to object, no timely objections to this Settlement have been made, or a finding that all timely objections have been considered and denied;

c. Approval of the Settlement, as set forth in this Agreement, as fair, reasonable, adequate, and in the best interests of the class, in all respects, finding that the Settlement is in good faith and ordering the parties to perform the Settlement in accordance with the terms of this Agreement;

d. A finding that neither the Final Judgment, the Settlement, or the Agreement constitutes an admission of liability by the Parties;

e. A finding that the Releasing Parties shall have been deemed to fully and finally release, relinquish, and discharge the Released Parties from the Released Claims;

f. A finding that all Settlement Class Members who have not properly opted out of the Settlement Class are, following entry of Final Judgment, deemed to have fully and finally released, relinquished, or discharged the Released Parties from the Released Claims; and

g.  If and when the Final Approval Order and Judgment is entered, the claims against Defendants in the Action shall be dismissed with prejudice.

## XIV.  TERMINATION OF THIS AGREEMENT

98.    Each Party shall have the right, but not the obligation, to void or rescind this Agreement if the Agreement is modified in any material respect by the District Court or by any other Court. This Agreement is expressly contingent on: (a) the execution of this Agreement; (b) preliminary approval of the Settlement by the District Court; (c) final approval of the Settlement by the District Court, which is no longer subject to appeal; and (d) the final, non-appealable dismissal of the litigation with prejudice.

## XV.  RELEASE

99.    Upon the Effective Date, and in consideration of the Settlement benefits described herein, the Releasing Parties shall be deemed to have fully, finally, and forever released, acquitted, and discharged the Released Parties from any and all Released Claims. This release expressly includes a Release by the Settlement Class Representatives and Settlement Class Members of Defendant's insurers, excess insurers and reinsurers with respect to all obligations under any part of any insurance policy applicable to the Released Claims, and from any and all claims arising out of the investigation, handling, adjusting, defense, or settlement of the claim.

100.  The Released Claims include the release of Unknown Claims.

101.  Upon the Effective Date, each of the Releasing Parties shall be deemed to have, and shall have, waived any and all provisions, rights, and benefits conferred by any law of any state, the District of Columbia or territory of the United States, by federal law, or principle of common law, or the law of any jurisdiction outside of the United States as regards the Released Claims.

102.  Specifically, the Parties stipulate and agree that upon the Effective Date, the Settlement Class Representatives and Settlement Class Members expressly and by operation of the Final Approval Order and Judgment shall have released any and all Released Claims, including Unknown Claims, and waived the provisions, rights, and benefits conferred by California Civil Code § 1542, and also any and all provisions, rights, and benefits conferred by any law of any state, province, or territory of the United States which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

The Releasing Parties acknowledge that they may discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of the release, but that it is their intention to finally and forever settle

and release the Released Claims, including but not limited to any Unknown Claims they may have, as that term is defined in this Agreement.

### XVI.  <u>NO ADMISSION OF LIABILITY</u>

103.    **No Admission of Liability**. The Parties understand and acknowledge that this Agreement constitutes a compromise and settlement of disputed claims. No action taken by the Parties and their representatives previously and no action taken by the Parties and their representatives in connection with the proceedings or negotiations connected with this Action or this Settlement Agreement shall be deemed or construed to be an admission of the truth or falsity of any claims or defenses heretofore made, or an acknowledgment or admission by any party of any fault, liability, or wrongdoing of any kind whatsoever.

104.    **No Use of Agreement**. Neither the Agreement, nor any act performed or document executed pursuant to or in furtherance of the Settlement: (a) is or may be deemed to be, or may be used as, an admission of, or evidence of, the validity of any claim made by Plaintiffs; or (b) is or may be deemed to be, or may be used as, an admission of, or evidence of, any fault or omission by Defendants in the Action or in any proceeding in any court, administrative agency, or other tribunal.

### XVII. MISCELLANEOUS PROVISIONS

105.    <u>Further Steps</u>. The Parties agree that they each shall undertake any further required steps to effectuate the purposes and intent of this Agreement.

106.   <u>Cooperation</u>. The Parties: (a) acknowledge that it is their intent to consummate this Agreement and (b) agree to cooperate to the extent reasonably necessary to effect and implement all terms and conditions of this Agreement and to exercise their best efforts to accomplish the foregoing terms and conditions of this Agreement.

107.   <u>Contractual Agreement</u>. The Parties understand and agree that all terms of this Agreement, including the exhibits hereto, are contractual and are not a mere recital, and each signatory warrants that he or she is competent and possesses the full and complete authority to execute this Agreement on behalf of the Party that he or she represents.

108.   <u>Headings</u>.   Any headings contained herein are for informational purposes only and do not constitute a substantive part of this Agreement.   In the event of a dispute concerning the terms and conditions of this Agreement, the headings shall be disregarded.

109.   <u>Integration</u>. This Agreement constitutes the entire agreement among the Parties and no representations, warranties, or inducements have been made to any Party concerning this Agreement other than the representations, warranties, and covenants expressly contained and memorialized herein.

110.   <u>Exhibits</u>. The exhibits to this Agreement are expressly incorporated by reference and made part of the terms and conditions set forth herein.

111.  <u>Drafting</u>. The language of all parts of this Agreement shall in all cases be construed as a whole, according to their fair meaning, and not strictly for or against any Party. No Party shall be deemed the drafter of this Agreement. The Parties acknowledge that the terms of the Agreement are contractual and are the product of negotiations between the Parties and their counsel. Each Party and their counsel cooperated in the drafting and preparation of the Agreement. In any construction to be made of the Agreement, the Agreement shall not be construed against any Party and any canon of contract interpretation to the contrary shall not be applied.

112.  <u>Modification or Amendment</u>.  Before Final Approval of this Agreement is ordered by the Court, this Agreement may not be modified or amended, nor may any of its provisions waived, except by an express writing signed by the Parties who executed this Agreement, or their successors. Following Final Approval of this Agreement, after all appeals have been exhausted in favor of the Final Approval and the time period to file such appeals has expired, this Agreement may not be modified or amended, nor may any of its provisions be waived, absent a Court Order. Notwithstanding the above, any Party unilaterally may change the notice designation that applies to that Party at any time.

113.  <u>Waiver</u>. The failure of a Party to insist upon strict performance of any provision of this Agreement shall not be deemed a waiver of such Party's rights or

remedies or a waiver by such Party of any default by another Party in the performance or compliance of any of the terms of this Agreement. In addition, the waiver by one Party of any breach of this Agreement by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Agreement.

114. <u>Severability</u>. Should any part, term, or provision of this Agreement be declared or determined by any court or tribunal to be illegal or invalid, the Parties agree that the Court may modify such provision to the extent necessary to make it valid, legal, and enforceable. In any event, such provision shall be separable and shall not limit or affect the validity, legality, or enforceability of any other provision hereunder.

115. <u>Counterparts</u>. The Settlement Agreement may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument. A complete set of executed counterparts shall be filed with the Court. This Agreement may be executed using electronic signature technology (e.g., via DocuSign, Adobe Sign, or other electronic signature technology), and such signed electronic record shall be valid and as effective to bind the party so signing as a paper copy bearing such party's handwritten signature.

116. <u>Electronic Mail</u>. Transmission of a signed Agreement by electronic mail shall constitute receipt of an original signed Agreement by mail.

117. <u>Successors and Assigns</u>. The Agreement shall be binding upon, and inures to the benefit of, the heirs, executors, successors, and assigns of the Parties hereto.

118. <u>Governing Law</u>. All terms and conditions of this Agreement shall be governed by and interpreted according to the laws of Georgia, without reference to its conflict of law provisions, except to the extent the federal law of the United States requires that federal law governs.

119. <u>Interpretation</u>. The following rules of interpretation shall apply to this Agreement:

    a. Definitions apply to the singular and plural forms of each term defined.

    b. Definitions apply to the masculine, feminine, and neuter genders of each term defined.

    c. Whenever the words "include," "includes" or "including" are used in this Agreement, they shall not be limiting but rather shall be deemed to be followed by the words "without limitation."

120. <u>Fair and Reasonable</u>. The Parties and their counsel believe this Agreement is a fair and reasonable compromise of the disputed claims and in the best interest of the Parties. The Parties have arrived at this Agreement as a result of extensive arms-length negotiations.

121.  Jurisdiction.  The Court shall retain exclusive jurisdiction over the implementation, enforcement, and performance of this Agreement, and shall have exclusive jurisdiction over any suit, action, proceeding, or dispute arising out of or relating to this Agreement that cannot be resolved by negotiation and agreement by counsel for the Parties. The Court shall retain exclusive jurisdiction over all Parties and the Settlement Class for the purpose of consummating, implementing, administering, and enforcing all terms of the Agreement. The Court shall also retain exclusive jurisdiction over all questions and/or disputes related to the Notice and the Settlement Administrator. As part of its agreement to render services in connection with this Settlement, the Settlement Administrator shall consent to the jurisdiction of the Court for this purpose.

122.  Failure to Opt Out.  From and after the entry of the Preliminary Approval Order, all Class Members who have not opted out are barred and enjoined from filing, commencing, continuing, prosecuting, intervening in, or participating as class members in any other suit, action, proceeding, case, controversy, or dispute in any jurisdiction against any or all of the Released Parties based on or relating to the Agreement or the matters, claims, or causes of action, or the facts and circumstances relating thereto in this Action, that are to be released upon entry of the Final Approval Order and Judgment pursuant to the Agreement, except as required by law or as required to effectuate this Agreement.  Furthermore, all persons are enjoined from

filing, commencing, prosecuting, litigating, or continuing a lawsuit in any jurisdiction on behalf of Settlement Class Members who have not timely excluded themselves, that is based on or relating to the claims and causes of action, or the facts and circumstances relating thereto, in this Action and in this Settlement Agreement.

123. <u>No Government Third-Party Rights or Beneficiaries</u>. No government agency or official (in their official capacity) can claim any rights under this Agreement.

124. <u>No Collateral Attack</u>. The Settlement Agreement shall not be subject to collateral attack, including by any Settlement Class Member or any recipient of notices of the Settlement after the Final Approval Order and Judgment is entered.

125. <u>Public Statements</u>. The Parties agree not to make disparaging statements to the press regarding the Data Security Incident, Action, Settlement or any Party or Released Parties. The Parties, with respect to this Action, while in Court and/or addressing the Court, may discuss the Settlement, the terms of the Settlement, any matter addressed in Plaintiffs' Motion for Preliminary Approval or any other aspect of the Action as needed in order to further or enforce the Settlement.

126. <u>Communications Regarding Settlement.</u> Any press release or website announcement issued by a party in connection with the Settlement, other than notices to Settlement Class Members required by law or by the Agreement, shall exclude

reference to Defendant, and/or any other individual or entity not named in the suit; and shall only include information contained in the Court's Final Approval Order.

**IN WITNESS WHEREOF**, the Parties have herby accepted and agreed to this Agreement.

**Class Counsel:**

*/s/ MaryBeth V. Gibson*          Date: <u>October 25, 2024</u>
MaryBeth V. Gibson

*/s/ Art Murray*          Date: <u>October 25, 2024</u>
Art Murray

**Defendant's Counsel:**

*/s/ Josh Becker*          Date: <u>October 25, 2024</u>
Josh Becker

*/s/ Tammy Webb*          Date: <u>October 25, 2024</u>
Tammy Webb

**SETTLEMENT TIMELINE**

| | |
|---|---|
| **From Order Granting Preliminary Approval** | |
| CAFA Notice to State and Federal officials | +10 days after filing Motion for Preliminary Approval |
| Defendant will cause to be deposited $300,000 into the Settlement Administration Fund | +21 days after Preliminary Approval |
| Defendant provides Settlement Class List to the Settlement Administrator | +21 days after Preliminary Approval |
| Settlement Website Active | +30 days after Preliminary Approval |
| Notice Deadline | +30 days after Preliminary Approval |
| | |
| **From Notice Date** | |
| Class Counsel's Motion for Attorneys' Fees, Reimbursement of Litigation Expenses, and Class Representatives' Service Awards | +45 days after Notice Deadline |
| Objection Date | +60 days after Notice Deadline |
| Opt-Out Date | +60 days after Notice Deadline |
| Claims Deadline | +90 days after Notice Deadline |
| | |
| Initially Approved Claims List | + 35 days after Claims Deadline |
| Initially Rejected Claims List | + 35 days after Claims Deadline |
| Parties' Challenge to any Claims | + 21 days from Deficiency Notice to Claimant |
| | |
| **Final Approval Hearing** | No less than + 120 days after Preliminary Approval Order |
| Motion for Final Approval | -14 days before Final Approval Hearing |
| Settlement Administrator Provide to Court Notice of Opt-Outs and/or Objections | -14 days before Final Approval Hearing |
| **Final Approval** | |
| Effective Date | +35 days after Final Approval Order or the date of receipt of an order by the highest appealable court affirming the Final Approval Order and Judgment or otherwise disposing of the appeal with prejudice. |

| | |
|---|---|
| Defendant's Payment of Settlement Fund amount to Settlement Administrator | +21 Days after Effective Date |
| Settlement Administrator Payment of Attorneys' Fees and Expenses to Class Counsel | +30 days after Effective Date |
| Settlement Administrator mail Settlement Payments | +90 days after Effective Date |
| Settlement Website Deactivation | +90 days after Effective Date |

# EXHIBIT A

<table>
<tr><td><b>Your claim must be submitted online or postmarked by:</b><br>[DEADLINE]</td><td><b>Baker, et al. v. ParkMobile, LLC</b><br>Case No. 1:21-cv-02182-SCJ<br>United States District Court<br>Northern District of Georgia, Atlanta Division</td><td><b>PARKMOBILE CLAIM</b></td></tr>
</table>

## ParkMobile Data Security Incident Claim Form

### GENERAL INSTRUCTIONS

Complete this Claim Form if you are a Settlement Class Member and you wish to receive a cash payment (capped at $25.00 pro rata per Settlement Class Member).

At the end of the Claims Period, for each Settlement Class Member who does not elect a cash payment, ParkMobile will email the Settlement Class Member a code to receive a $1 credit for use in the ParkMobile app. Settlement Class Members who receive this code will have one year to input the code into the ParkMobile app and use the credit. This credit will apply to the ParkMobile fee on parking transaction(s) not to the fee owed to the parking premises/owner (which is not in ParkMobile's control).

The **Settlement Class** includes all individuals whose Personal Information was impacted by the Data Security Incident. **Excluded from the Settlement Class are** the judges presiding over this Action and members of their direct families, and Settlement Class Members who submit a valid Request for Exclusion prior to the Opt-Out Deadline.

The **Data Security Incident** refers to the 2021 Data Breach in which unauthorized individuals accessed the Personal Information of users of the ParkMobile App.

This Claim Form may be submitted electronically *via* the Settlement Website at _____ or completed and mailed, including any supporting documentation, to:

ParkMobile Data Security Incident
Attn: Claim Forms
1650 Arch Street, Suite 2210
Philadelphia, PA 19103

If you have any questions, please visit WEBSITE or call toll-free 1-XXX-XXX-XXXX. You may also write to the Settlement Administrator at EMAIL or by mail: ParkMobile Data Security Incident, c/o Settlement Administrator, 1650 Arch Street, Suite 2210, Philadelphia, PA 19103.

| **Your claim must be submitted online or _postmarked by:_ [DEADLINE]** | *Baker, et al. v. ParkMobile, LLC*<br>Case No. 1:21-cv-02182-SCJ<br>United States District Court<br>Northern District of Georgia, Atlanta Division<br><br>**ParkMobile Data Security Incident Claim Form** | **PARKMOBILE CLAIM** |

## I.  SETTLEMENT CLASS MEMBER NAME AND CONTACT INFORMATION

Provide your name and contact information below. You must notify the Settlement Administrator if your contact information changes after you submit this Claim Form.

|  |  |
|---|---|
| **First Name** | **Last Name** |

**Street Address**

|  |  |  |
|---|---|---|
| **City** | **State** | **Zip Code** |

|  |  |  |
|---|---|---|
| **Email Address** | **Telephone Number** | **Notice ID** |

## II.  PAYMENT SELECTION

Please select from **one** of the following payment options:

☐ **PayPal** - Enter your PayPal email address: _____

☐ **Venmo -** Enter the mobile number associated with your Venmo account: __ __ __-__ __ __-__ __ __ __

☐ **Zelle -** Enter the mobile number or email address associated with your Zelle account:

Mobile Number: __ __ __-__ __ __-__ __ __ __    or Email Address: _____

☐ **Virtual Prepaid Card -** Enter your email address: _____

☐

## III.  ATTESTATION & SIGNATURE

By signing and submitting this Claim Form, I hereby attest under penalty of perjury that I am a Settlement Class Member whose Personal Information was impacted by the Data Security Incident, and that I want to receive a cash payment from the **Baker, et al. v. ParkMobile, LLC** class action settlement.

| _____ | _____ | _____ |
|---|---|---|
| Signature | Printed Name | Date |

**QUESTIONS? VISIT WWW._____.COM OR CALL TOLL-FREE 1-XXX-XXX-XXXX**

EXHIBIT B

# NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

*Baker, et al. v. ParkMobile, LLC*
Case No. 1:21-cv-02182-SCJ
United States District Court for the Northern District of Georgia, Atlanta Division

> **If you are an individual whose Personal Information was impacted by the 2021 March 2021 Data Breach announced by ParkMobile, a class action settlement may affect your rights.**

*A court authorized this Notice. This is <u>not</u> a solicitation from a lawyer.*

- A proposed settlement has been reached in a lawsuit entitled *Baker, et al. v. ParkMobile, LLC*, Case No. 1:21-cv-02182-SCJ, pending in the United States District Court for the Northern District of Georgia, Atlanta Division, relating to an unknown actor's unauthorized access to the Personal Information of ParkMobile App users. The lawsuit asserts common law and statutory claims against ParkMobile for alleged negligent data security practices, statutory claims, and declaratory judgment. ParkMobile denies all claims alleged against it and denies all charges of wrongdoing or liability. The settlement is not an admission of wrongdoing or an indication that ParkMobile has violated any laws, but rather the resolution of disputed claims.

- If you received a notification from ParkMobile about the 2021 Data Security Incident, you are included in this Settlement as a "Settlement Class Member."

- Under the Settlement, Settlement Class Members are eligible to submit a Claim Form for a cash payment or to receive a credit in the ParkMobile App.

- Your legal rights are affected regardless of whether you act. Read this notice carefully. For complete details, visit WEBSITE or call toll-free 1-XXX-XXX-XXXX.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM BY: DEADLINE** | Submitting a valid Claim Form is the only way you can receive a cash payment. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT BY: DEADLINE** | If you exclude yourself from this Settlement, you will not get any payment or credit from the Settlement, but you also will not release your claims against ParkMobile. This is the only option that allows you to be part of any other lawsuit against ParkMobile for the legal claims resolved by this Settlement. If you exclude yourself from the Settlement, you may <u>not</u> object to the Settlement. |
| **OBJECT TO THE SETTLEMENT BY: DEADLINE** | To object to the settlement, you can write to the Court with reasons why you do not agree with the Settlement. You may ask the Court for permission for you or your attorney to speak about your objection at the Final Approval Hearing at your own expense. |
| **DO NOTHING** | If you do not submit a Claim Form, at the end of the Claim Period, you will receive a code via email from ParkMobile to receive a $1.00 credit to your ParkMobile App to be used within one year from the date of the email. |

**Questions? Visit WEBSITE or call toll-free 1-XXX-XXX-XXXX**

## WHAT THIS NOTICE CONTAINS

BASIC INFORMATION..................................................................PAGE 2

WHO IS INCLUDED IN THE SETTLEMENT?...................................PAGE 3

THE SETTLEMENT BENEFITS—WHAT YOU GET IF YOU QUALIFY.........PAGE 3

HOW TO GET A PAYMENT—SUBMITTING A CLAIM FORM..................PAGE 4

REMAINING IN THE SETTLEMENT...............................................PAGE 4

EXCLUDING YOURSELF FROM THE SETTLEMENT.............................PAGE 4

THE LAWYERS REPRESENTING YOU............................................PAGE 5

OBJECTING TO THE SETTLEMENT...............................................PAGE 6

THE COURT'S FINAL APPROVAL HEARING....................................PAGE 7

IF YOU DO NOTHING.............................................................PAGE 7

GETTING MORE INFORMATION..................................................PAGE 7

## BASIC INFORMATION

### 1.   Why is this Notice being provided?

The Court directed that this Notice be provided because you have a right to know about a proposed settlement that has been reached in this class action lawsuit and about all of your options before the Court decides whether to grant final approval of the Settlement. This Notice explains the lawsuit, the Settlement, your legal rights, what payments are available, who is eligible for them, and how to get them.

The Court overseeing this case is the United States District Court for the Northern District of Georgia, Atlanta Division. The case is known as *Baker v. ParkMobile, LLC,* No. 1:21-cv-02182-SCJ. The individuals who brought this lawsuit: Tyler Baker, Mariam George, Emma Jackson, Sait Kurmangaliyev, Gregory Manson, Herberto Traviesto, and Jack Weaver are called the Plaintiffs, and the entity sued, ParkMobile, LLC, is called the Defendant.

### 2.   What is this lawsuit about?

The Plaintiffs claim that ParkMobile is liable for the Data Security Incident and have asserted numerous claims. You can read about the specific claims asserted by the Plaintiffs in the Second Amended Consolidated Class Action Complaint, which is available at WEBSITE.

The Plaintiffs seek, among other things, payments or credits for persons who were injured by the Data Security Incident. ParkMobile has denied and continues to deny all of the claims made in the lawsuit, as well as all charges of wrongdoing or liability against it.

### 3.   What is a class action Settlement?

In a class action, one or more people called Plaintiff or Plaintiffs sue on behalf of people who have similar claims. Together, these people are called a Settlement Class or Settlement Class Members. One Court and one judge resolve the issues for all Settlement Class Members, except for those who exclude themselves from the Settlement Class.

**4.  Why is there a Settlement?**

The Court did not decide in favor of the Plaintiffs or ParkMobile. Instead, they negotiated a Settlement that provides benefits to Settlement Class Members while avoiding the risks and costs of lengthy and uncertain litigation and the uncertainty of a trial and appeals. Plaintiffs and Class Counsel think the Settlement is in the best interest of all Settlement Class Members. This Settlement does not mean that ParkMobile did anything wrong.

## WHO IS INCLUDED IN THE SETTLEMENT?

**5.  How do I know if I am part of the Settlement?**

The Settlement Class includes all persons to whom ParkMobile sent notice of the 2021 Data Security Incident.

Settlement Class Members were also sent notice of this class action settlement via email. If you received notice of this Settlement, you are eligible to submit a Claim Form for a cash payment.  If you do not elect a cash payment, at the end of the Claims Period, ParkMobile will email the Settlement Class Member a code to receive a $1 credit for use in the ParkMobile App.  Settlement Class Members who receive this code will have one year from the date of the email to input the code into the ParkMobile App and use the credit.   If you are still not sure whether you are included, you can contact the Settlement Administrator by calling toll-free at 1-XXX-XXX-XXXX or by visiting the Settlement Website at WEBSITE.

**6.  Are there exceptions to being included in the Settlement?**

Yes. Excluded from the Settlement Class are the judges presiding over this Action and members of their direct families, and Settlement Class Members who submit a valid Request for Exclusion prior to the Opt-Out Deadline.

## THE SETTLEMENT BENEFITS—WHAT YOU GET IF YOU QUALIFY

**7.  What does the Settlement provide?**

ParkMobile will fund a Non-Reversionary Cash Settlement Fund in the amount of $9,000,000.00.  Each Settlement Class Member will be able to elect to take a cash payment from the remainder of this fund after the payment of the Fee Award and Expenses, as well as Administration and Notice Costs, if any, exceeding the $300,000.00 Administration Fund. Payment to each Settlement Class Member who elects to take the cash payment is capped at $25.00 pro rata per class member.

If you do not elect a cash payment, at the end of the Claims Period, ParkMobile will email the Settlement Class Member a code to receive a $1 credit for use in the ParkMobile App.  Settlement Class Members who receive this code will have one year from the date of the email to input the code into the ParkMobile App and use the credit.  There will be an overall cap of $21,000,000 available to Settlement Class Members as a credit – for the Class of approximately twenty-one million Class Members This credit will apply to the ParkMobile fee on parking transaction(s) not to the fee owed to the parking premises/owner (which is not in ParkMobile's control).  The credit will sunset after one year as is required for accounting purposes, except for California residents for whom it will not sunset.

In addition, the Settlement includes a $2,500,000.00 credit for business remedial measures implemented by ParkMobile.

Collectively, the gross Settlement Fund is calculated at $32,800,000.00, and includes the $9,000,000.00 cash Settlement Fund, the $300,000.00 Administration Fund, the $21,000,000.00 ParkMobile App capped credit amount and the $2,500,000.00 business remedial measures.

Please visit WEBSITE for complete information about the Settlement benefits.

## HOW TO GET A PAYMENT—SUBMITTING A CLAIM FORM

### 8.    How do I get a payment from the Settlement?

In order to receive a cash payment, Settlement Class Members must complete and submit a Claim Form.

Claim Forms are available at WEBSITE, or you may request one by mail by calling 1-XXX-XXX-XXXX or emailing EMAIL ADDRESS.

Read the instructions carefully, fill out the Claim Form, and submit it online, or mail it postmarked no later than **Month Day, Year** to: ParkMobile Data Security Incident, Attn: Claim Forms, 1650 Arch Street, Suite 2210, Philadelphia, PA 19103.

### 9.    When will I get my payment?

The Court will hold a Final Approval Hearing at __:_0 _.m. on Month Day, Year to decide whether to approve the Settlement. Even if the Court approves the Settlement, there may be appeals, and resolving them may take additional time. It also takes time for all the Claim Forms to be processed, depending on the number of claims submitted and whether any appeals are filed. Please be patient.  If you have further questions regarding payment timing, you may contact the Settlement Administrator by emailing EMAIL ADDRESS.

## REMAINING IN THE SETTLEMENT

### 10.  Do I need to do anything to remain in the Settlement?

You do not have to do anything to remain in the Settlement, but if you want to receive a cash payment, you must submit a Claim Form online or postmarked by **Month Day, Year**.

If you are a Settlement Class Member and you do nothing, you will still receive a code from ParkMobile for a $1.00 credit in the ParkMobile App. You will also give up certain legal rights.

### 11.  What am I giving up as part of the Settlement?

If the Settlement becomes final, you will give up your right to sue ParkMobile for the claims being resolved by this Settlement.  The specific claims you are giving up against ParkMobile and the claims you are releasing are described in the Settlement Agreement, available at WEBSITE.

The Settlement Agreement describes the released claims with specific descriptions, so read it carefully. If you have any questions about what claims you are giving up and which parties you are releasing, you can talk to the law firms listed in Question 15 for free or you can, of course, talk to your own lawyer at your own expense.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want any benefits from this Settlement, and you want to keep the right to sue ParkMobile about issues in the lawsuit, then you must take steps to get out of the Settlement Class.  This is called excluding yourself from – or is sometimes referred to as "opting out" of – the Settlement Class.

## 12.  If I exclude myself, can I still get payment from the Settlement?

No. If you exclude yourself from the Settlement, you will not be entitled to any benefits of the Settlement, and you will not be bound by any judgment in this case.

## 13.  If I do not exclude myself, can I sue the Defendant for the same thing later?

No.  Unless you exclude yourself from the Settlement, you give up any right to sue ParkMobile for the claims that this Settlement resolves.  You must exclude yourself from the Settlement Class to start your own lawsuit or to be part of any different lawsuit relating to the claims in this case.

## 14.  How do I get out of the Settlement?

To exclude yourself from the Settlement, you must send a letter by mail stating that you want to be excluded from the Settlement in *Baker, et al. v. ParkMobile, LLC,* Case No. 1:21-cv-02182-SCJ (N.D. Ga.).

Your letter must also include your full name, current address, email address, telephone number, and signature. You must mail your exclusion request postmarked no later than **Month Day, Year** to:

ParkMobile Data Security Incident
Attn: Exclusions
P.O. Box 58220
Philadelphia, PA 19102

### THE LAWYERS REPRESENTING YOU

## 15.  Do I have a lawyer in this case?

Yes. The Court appointed the following attorneys as "Class Counsel" to represent the Settlement Class:

| Class Counsel | |
| --- | --- |
| MaryBeth V. Gibson<br>**Gibson Consumer Law Group, LLC**<br>4279 Roswell Road<br>Suite 208-108<br>Atlanta, GA  30342 | Art Murray<br>**Murray Law Firm**<br>701 Poydras Street<br>Suite 4250<br>New Orleans, LA 70139 |

You will not be charged for contacting Class Counsel. If you want to be represented by your own lawyer, you may hire one at your own expense.

## 16.  How will Class Counsel be paid?

Class Counsel will ask the Court to award attorneys' fees, costs, and expenses not to exceed 22% of the gross Settlement Fund ($32,800,000.00).
In addition, Class Counsel will ask the Court to award service award payments not to exceed $5,000.00 for each of the seven (7) Named Class Representatives.

The Fee Award and Expenses, as well as any Service Award payments awarded by the Court will be paid from the cash Settlement Fund.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the Settlement or some part of it.

### 17.  How do I tell the Court that I do not like the Settlement?

If you are a Settlement Class Member, you can object to the Settlement if you do not like any aspect or provision of the Settlement. You can give reasons to the Court why you think the Court should not approve the Settlement. The Court will consider your views before making a decision.

Each Objection must (i) set forth the Settlement Class Member's full name, current address, email address, telephone number; (ii) contain the Settlement Class Member's original signature; (iii) state that the Settlement Class Member objects to the Settlement in whole or in part; (iv) set forth a statement of the legal and factual basis for the Objection; and (v) provide copies of any documents that the Settlement Class Member wishes to submit in support of his/her position.

Objections must be filed with the Court and served on Class Counsel and Defendant's Counsel no later than DEADLINE.

| Court |
|---|
| Clerk of the Court |
| Richard B. Russell Federal Building and United States Courthouse |
| 75 Ted Turner Drive, SW |
| Atlanta, GA 30303-3309 |

| Class Counsel | Defendant's Counsel |
|---|---|
| MaryBeth V. Gibson<br>**Gibson Consumer Law Group, LLC**<br>4279 Roswell Road<br>Suite 208-108<br>Atlanta, GA  30342 | Joshua L. Becker<br>**Shook, Hardy & Bacon LLP**<br>1230 Peachtree Street<br>Suite 1200<br>Atlanta, GA 30309 |
| Art Murray<br>**Murray Law Firm**<br>701 Poydras Street<br>Suite 4250<br>New Orleans, LA 70139 | Tammy B. Webb<br>**Shook, Hardy & Bacon LLP**<br>555 Mission Street<br>Suite 2300<br>San Francisco, CA 94105 |

An objecting Settlement Class Member has the right, but is not required to, attend the Final Approval Hearing. If an objecting Settlement Class Member intends to appear at the Final Approval Hearing, either with or without counsel, he or she must also file a notice of appearance with the Court, as well as serve notice on Class Counsel and Defendant's Counsel by the Objection Deadline.

Any Settlement Class Member who fails to submit a timely Objection per the terms of the Agreement, outlined herein, and as otherwise ordered by the Court, shall not be treated as having filed a valid Objection to the Settlement and shall forever be barred from raising any objection to the Settlement.

### 18.  What is the difference between objecting to and excluding myself from the Settlement?

Objecting is telling the Court that you do not like something about the Settlement. Excluding yourself is telling the Court that you do not want to be part of the Class in this Settlement. If you exclude yourself

from the Settlement, you have no basis to object or submit a Claim Form because the Settlement no longer affects you.

## THE COURT'S FINAL APPROVAL HEARING

The Court will hold a hearing to decide whether to approve the Settlement. You may attend and you may ask to speak, but you do not have to. You cannot speak at the hearing if you exclude yourself from the Settlement.

### 19.   When and where will the Court decide whether to approve the Settlement?

The Court will hold a Final Approval Hearing at **TIME**, on **DATE**, in Courtroom 1907 located at the Richard B. Russell Federal Building & United States Courthouse, 75 Ted Turner Drive SW, Atlanta, GA 30303-3309. At the hearing, the Court will consider whether the proposed Settlement is fair, reasonable, and adequate. The Court may also consider Class Counsel's request for an award of attorneys' fees, costs, and expenses not to exceed 22% of the gross Settlement Fund ($32,800,000.00). If there are objections, the Court will consider them.

### 20.   Do I have to come to the Final Approval Hearing?

No. Class Counsel will answer any questions the Court may have. However, you are welcome to attend the Final Approval Hearing at your own expense. If you file an objection, you do not have to come to Court to talk about it. You may also hire your own lawyer to attend, at your own expense, but you are not required to do so.

### 21.   May I speak at the Final Approval Hearing?

Yes, you may ask the Court for permission to speak at the Final Approval Hearing. To do so, you must follow the instructions provided in Question 17 above. You cannot speak at the hearing if you exclude yourself from the Settlement.

## IF YOU DO NOTHING

### 22.   What happens if I do nothing?

If you do nothing, at the end of the Claims Period, you will receive a code from ParkMobile for a $1.00 credit to your ParkMobile App.

If the Court approves the Settlement, and you do nothing, you will receive a code for the App credit, and you will be bound by the Settlement Agreement. This means you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against ParkMobile or Released Parties about the issues involved in this lawsuit, resolved by this Settlement, and released by the Settlement Agreement.

## GETTING MORE INFORMATION

### 23.   Are more details about the Settlement available?

Yes. This Notice summarizes the proposed Settlement. More details are in the Settlement Agreement, which is available at WEBSITE, or by writing to Settlement Administrator: ParkMobile Data Security Incident, 1650 Arch Street, Suite 2210, Philadelphia, PA 19103 or emailing EMAIL ADDRESS.

### 24.   How do I get more information?

For more information, please visit WEBSITE or call toll-free 1-XXX-XXX-XXXX. You can also contact the Settlement Administrator by mail or email.

***Please do not call the Court or the Clerk of the Court for additional information.***

# EXHIBIT C

To:         [Settlement Class Member email address]

From:     ParkMobile Data Security Incident Settlement Administrator

Subject:   Notice of Proposed Class Action Settlement – *Baker, et al. v. ParkMobile, LLC*

---

**Notice ID:  <<Notice ID>>**
**Confirmation Code: <<Confirmation Code>>**

### Legal Notice

> **If you are an individual whose Personal Information was impacted by the March 2021 Data Breach announced by ParkMobile, a class action settlement may affect your rights.**

*A federal court authorized this Notice. This is not a solicitation from a lawyer.*

#### What is this Litigation About?

A proposed settlement has been reached in a lawsuit entitled *Baker, et al. v. ParkMobile, LLC,* Case No. 1:21-cv-02182-SCJ, pending in the United States District Court for the Northern District of Georgia, Atlanta Division, relating to an unknown actor's unauthorized access to the Personal Information of ParkMobile App users. ParkMobile denies all claims alleged against it and denies all charges of wrongdoing or liability. The settlement is not an admission of wrongdoing or an indication that ParkMobile has violated any laws, but rather the resolution of disputed claims.

#### Am I Included?

Yes. ParkMobile's records indicate your information may have been involved in the Data Security Incident.

#### What Benefits are Included in the Settlement?

The Defendant will fund a Non-Reversionary Cash Settlement Fund in the amount of $9,000,000.00.  Each Settlement Class Member will be able to elect to take a cash payment from the remainder of this fund after the payment of the Fee Award and Expenses, as well as Administration and Notice Costs, if any, exceeding the $300,000.00 Administration Fund. Payment to each Settlement Class Member who elects to take the cash payment is capped at $25.00 per class member.

For each Settlement Class Member who does not elect a cash payment, at the end of the Claims Period, ParkMobile will email the Settlement Class Member a code to receive a credit in the ParkMobile App in the amount of $1.00 up to a cap of $21,000,000.00 - for the class of approximately twenty-one million Class Members. This credit will apply to the ParkMobile fee on parking transaction(s) not to the fee owed to the parking premises/owner (which is not in ParkMobile's control).  The credit will sunset after one year as is required for accounting purposes, except for California residents for whom it will not sunset.

In addition, the Settlement includes a $2,500,000.00 credit for business remedial measures implemented by ParkMobile.

Collectively, the gross Settlement Fund is calculated at $32,800,000.00, and includes the $9,000,000.00 cash Settlement Fund, the $300,000.00 Administration Fund, the $21,000,000.00 ParkMobile app capped credit amount and the $2,500,000.00 business remedial measures.

**How Do I Receive Settlement Benefits?**
Settlement Class Members who wish to receive a cash payment must submit a Claim Form online at WEBSITE or by mailing a completed Claim Form postmarked no later than DEADLINE to the Settlement Administrator. If you do not submit a Claim Form, you will receive a code for a credit in the ParkMobile App in the amount of $1.00.

**What Are My Options?**
If you do nothing or submit a Claim Form, you will not be able to sue or continue to sue ParkMobile about the claims resolved by this Settlement. If you exclude yourself, you will not receive a cash payment or credit in the ParkMobile App, but you will keep your right to sue ParkMobile in a separate lawsuit about the claims resolved by this Settlement. If you do not exclude yourself, you can object to the Settlement. The deadline to exclude yourself from the Settlement or to object to the Settlement is DEADLINE. Visit WEBSITE for complete details on how to exclude yourself from, or object to, the Settlement.

**The Final Approval Hearing.**
The Court will hold a Final Approval Hearing at TIME, on DATE, in Courtroom 1907 located at the Richard B. Russell Federal Building & United States Courthouse, 75 Ted Turner Drive SW, Atlanta, GA 30303-3309. At the hearing, the Court will consider whether the proposed Settlement is fair, reasonable, and adequate. The Court may also consider Class Counsel's request for an award of attorneys' fees not to exceed 22% of the gross Settlement Fund ($32,800,000.00) and litigation expenses in an amount not to exceed $1,000,000.00. If there are objections, the Court will consider them.

**This Notice is only a Summary.**
For additional information, including the Settlement Agreement and other related documents, visit WEBSITE. You may also write to the Settlement Administrator by emailing EMAIL ADDRESS or by mail to: ParkMobile Data Security Incident, c/o Settlement Administrator, 1650 Arch Street, Suite 2210, Philadelphia, PA 19103.

**Questions? Visit WEBSITE or call toll-free 1-XXX-XXX-XXXX.**

*Unsubscribe*

# EXHIBIT D

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

|  |  |
|---|---|
| TYLER BAKER, on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br> v.<br><br>PARKMOBILE, LLC,<br><br>    Defendant. | Case No. 1:21-CV-02182-SCJ |

## [PROPOSED] PRELIMINARY APPROVAL ORDER

Before the Court is Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement **(Doc. No. 277)** (the "Motion"), the terms of which are set forth in a Settlement Agreement between Plaintiffs and Defendant ParkMobile, LLC ("ParkMobile") (collectively, referred to herein as the "Parties"). The Settlement Agreement with accompanying exhibits is attached as **Exhibit 1** to Plaintiffs' Memorandum of Law in Support of their Motion (the "Settlement Agreement").[1]

---

[1] All defined terms in this Order Granting Preliminary Approval of Class Action Settlement ("Preliminary Approval Order") have the same meaning as set forth in the Settlement Agreement, unless otherwise indicated.

Having fully considered the issue, the Court hereby **GRANTS** the Motion and

**ORDERS** as follows:

1.      **Class Certification for Settlement Purposes Only.** The Settlement

Agreement provides for a Settlement Class defined as follows:

> All individuals that received or were otherwise sent notice that their Personal Information was potentially compromised due to ParkMobile's Data Security Incident.  Excluded from the Settlement Class is the judge presiding over this Action and members of his direct family, and Settlement Class Members who submit a valid Request for Exclusion prior to the Opt-Out Deadline.

Pursuant to Federal Rule of Civil Procedure 23(e)(1), the Court finds that

giving notice is justified. The Court finds that it will likely be able to approve the

proposed Settlement as fair, reasonable, and adequate. The Court also finds that it

will likely be able to certify the Settlement Class for purposes of judgment on the

Settlement  because  it  meets  all  of  the  requirements  of  Rule  23(a)  and  the

requirements of Rule 23(b)(3). Specifically, the Court finds for settlement purposes

that: (a) the Settlement Class is so numerous that joinder of all Settlement Class

Members  would  be  impracticable;  (b)  there  are  issues  of  law  and  fact  that  are

common  to  the  Settlement  Class;  (c)  the  claims  of  the  Class  Representative  are

typical of and arise from the same operative facts and the Class Representatives seek

similar  relief  as  the  claims  of  the  Settlement  Class  Members;  (d)  the  Class

Representatives will fairly and adequately protect the interests of the Settlement

Class as the Class Representatives have no interests antagonistic to or in conflict

with the Settlement Class and have retained experienced and competent counsel to prosecute this Litigation on behalf of the Settlement Class; (e) questions of law or fact common to Settlement Class Members predominate over any questions affecting only individual members; and (f) a class action and class settlement is superior to other methods available for a fair and efficient resolution of this Litigation.

2.  **Settlement Class Representatives and Settlement Class Counsel.** The Court finds that Plaintiffs Tyler Baker, Miriam George, Emma Jackson, Sait Kurmangaliyev, Gregory Manson, Heriberto Travieso, and Jack Weaver will likely satisfy the requirements of Rule 23(e)(2)(A) and should be appointed as the Class Representatives. Additionally, the Court finds that MaryBeth V. Gibson, Gibson Consumer Law Group, LLC and Arthur M. Murray, Murray Law Firm, satisfy the requirements of Rule 23(e)(2)(A) and should be appointed as Class Counsel pursuant to Rule 23(g)(1).

3.  **Preliminary Settlement Approval.** Upon preliminary review, the Court finds the Settlement is fair, reasonable, and adequate to warrant providing notice of the Settlement to the Settlement Class and accordingly is preliminarily approved. In making this determination, the Court has considered the monetary and non-monetary benefits provided to the Settlement Class through the Settlement, the specific risks faced by the Settlement Class in prevailing on their claims, the good faith, arms' length negotiations between the Parties and absence of any collusion in

3

the Settlement, the effectiveness of the proposed method for distributing relief to the Settlement Class, the proposed manner of allocating benefits to Settlement Class Members, that the Settlement treats the Settlement Class Members equitably, and all of the other factors required by Rule 23 and relevant case law.

4.    **Jurisdiction.** The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2) and personal jurisdiction over the parties before it. Additionally, venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

5.    **Final Approval Hearing**. A Final Approval Hearing shall be held on _____, 2025, at Courtroom 1907, United States District Court, 75 Ted Turner Driver SW Atlanta, Georgia 30303-3309, where the Court will determine, among other things, whether: (a) this Litigation should be finally certified as a class action for settlement purposes pursuant to Fed. R. Civ. P. 23(a) and (b)(3); (b) the Settlement should be approved as fair, reasonable, and adequate, and finally approved pursuant to Fed. R. Civ. P. 23(e); (c) this Litigation should be dismissed with prejudice pursuant to the terms of the Settlement Agreement; (d) Settlement Class Members (who have not timely and validly excluded themselves from the Settlement) should be bound by the releases set forth in the Settlement Agreement; (e) the application of Class Counsel for an award of Attorneys' Fees, Costs, and Expenses should be approved pursuant to Fed. R. Civ. P. 23(h); and (f) whether Service Awards should be made to named Class Representatives.

4

1.     **Settlement Administrator.** The Court appoints Angeion Group, LLC, as the Settlement Administrator, with responsibility for class notice and settlement administration. The Settlement Administrator is directed to perform all tasks the Settlement Agreement requires. The Settlement Administrator's fees will be paid pursuant to the terms of the Settlement Agreement.

2.     **Notice.** The proposed notice program set forth in the Settlement Agreement and Claim Form and the Notices attached to the Settlement Agreement as **Exhibits A, B, and C** are hereby approved. Non-material modifications to these Exhibits may be made by the Settlement Administrator in consultation and agreement with the Parties, but without further order of the Court.

3.     **Findings Concerning Notice.** The Court finds that the proposed form, content, and method of giving Notice to the Settlement Class as described in the Notice program and the Settlement Agreement and its exhibits: (a) will constitute the best practicable notice to the Settlement Class; (b) are reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Litigation, the terms of the proposed Settlement, and their rights under the proposed Settlement, including, but not limited to, their rights to object to or exclude themselves from the proposed Settlement and other rights under the terms of the Settlement Agreement; (c) are reasonable and constitute due, adequate, and sufficient notice to all Settlement Class Members and other persons entitled to

receive notice; (d) meet all applicable requirements of law, including Federal Rule of Civil Procedure 23(c); and (e) and meet the requirements of the Due Process Clause(s) of the United States and Georgia Constitutions. The Court further finds that the Notice provided for in the Settlement Agreement is written in plain language, uses simple terminology, and is designed to be readily understandable by Settlement Class Members. The Settlement Administrator is directed to carry out the Notice program in conformance with the Settlement Agreement.

4.     **Class Action Fairness Act Notice.** Within ten (10) days after the filing of this Settlement Agreement with the Court, the Settlement Administrator acting on behalf of Defendants shall have served or caused to be served a notice of the proposed Settlement on appropriate officials in accordance with the requirements under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715(b).

5.     **Exclusion from Class.** Any Settlement Class Member who wishes to be excluded from the Settlement Class must individually sign and timely and appropriately submit valid written notice of such intent to the designated Post Office box established by the Settlement Administrator in the manner provided in the Notice. The written notice must (a) state a full name, address, and telephone number; (b) contain the Settlement Class Member's signature; and (c) state the Settlement Class Member's intent to be excluded from the Settlement Class and Settlement. To be effective, such requests for exclusion must be postmarked no later than the Opt-

Out Date, which is no later than sixty (60) days from the date on which the notice program commences, and as stated in the Notice.

The Settlement Administrator shall promptly furnish to Class Counsel and to Defendants' counsel a complete list of all timely and valid requests for exclusion (the "Opt-Out List").

If a Final Order and Judgment is entered, all Persons falling within the definition of the Settlement Class who do not request to be excluded from the Settlement Class shall be bound by the terms of this Settlement Agreement and the Final Order and Judgment. All Persons who submit valid and timely notices of their intent to be excluded from the Settlement Class shall not receive any cash benefits of and/or be bound by the terms of the Settlement Agreement.

6.    **Objections and Appearances.** A Settlement Class Member (who does not submit a timely written request for exclusion) desiring to object to the Settlement Agreement may submit a timely written notice of his or her objection by the Objection Date and as stated in the Notice. The Long Notice and the Settlement Website shall instruct Settlement Class Members who wish to object to the Settlement Agreement to send their written objections to the Settlement Administrator at the address indicated in the Long Notice, and to file their Objection with this Court. The Notice shall advise Settlement Class Members of the deadline for submission of any objections—the "Objection Date." Any such notices of an

intent to object to the Settlement Agreement must be written and (a) set forth the Settlement Class Member's full name, current address, telephone number; (b) contain the Settlement Class Member's original signature; (c) state that the Settlement Class Member objects to the Settlement in whole or in part; (d) set forth a statement of the legal and factual basis for the Objection; and (e) provide copies of any documents that the Settlement Class Member wishes to submit in support of his/her position.

An objecting Settlement Class Member has the right, but is not required to, attend the Final Approval Hearing. If an objecting Settlement Class Member intends to appear at the Final Approval Hearing, either with or without counsel, he or she must also file a notice of appearance with the Court, as well as serve notice on Class Counsel and Defendants' Counsel by the Objection Deadline.

Any Settlement Class Member who fails to comply with the requirements for objecting shall waive and forfeit any and all rights he or she may have to appear separately and/or to object to the Settlement Agreement and shall be bound by all the terms of the Settlement Agreement and by all proceedings, orders, and judgments in the Litigation. The provisions stated in the Settlement Agreement shall be the exclusive means for any challenge to the Settlement Agreement. Any challenge to the Settlement Agreement, the final order approving this Settlement Agreement, or the Final Order and Judgment to be entered upon final approval shall be pursuant to

appeal under the Federal Rules of Appellate Procedure and not through a collateral attack.

12.    **Claims Process.** Settlement Class Counsel and Defendants' Counsel have created a process for Settlement Class Members to claim benefits under the Settlement. The Court preliminarily approves this process and directs the Settlement Administrator to make the Claim Form or its substantial equivalent available to Settlement Class Members in the manner specified in the Notice.

The Settlement Administrator will be responsible for effectuating the claims process. Settlement Class Members who qualify for and wish to submit a Claim Form shall do so in accordance with the requirement and procedures specified in the Notice and the Claim Form. If the Final Order and Judgment is entered, all Settlement Class Members who qualify for any benefit under the Settlement but fail to submit a claim in accordance with the requirements and procedures specified in the Notice and the Claim Form shall be forever barred from receiving any such benefit, but will in all other respects be subject to and bound by the provisions in the Final Order and Judgment, including the releases contained therein.

7.    **Termination of Settlement.** This Preliminary Approval Order shall become null and void and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing before the Court entered this Preliminary Approval Order and before they entered the Settlement

Agreement, if: (a) the Court does not enter this Preliminary Approval Order; (b) Settlement is not finally approved by the Court or is terminated in accordance with the Settlement Agreement; (c) there is no Effective Date; or (d) otherwise consistent with the terms of the Settlement Agreement. In such event, (a) the Parties shall be restored to their respective positions in the Litigation and shall jointly request that all scheduled Litigation deadlines be reasonably extended by the Court so as to avoid prejudice to any Party or Party's counsel; (b) the terms and provisions of the Settlement Agreement shall have no further force and effect with respect to the Parties and shall not be used in the Litigation or in any other proceeding for any purpose, and (c) any judgment or order entered by the Court in accordance with the terms of the Settlement Agreement shall be treated as vacated, *nunc pro tunc.*

14.    **Use of Order.** This Preliminary Approval Order shall be of no force or effect if the Final Order and Judgment is not entered or there is no Effective Date and shall not be construed or used as an admission, concession, or declaration by or against Defendant of any fault, wrongdoing, breach, or liability. Nor shall this Preliminary Approval Order be construed or used as an admission, concession, or declaration by or against the Class Representatives or any other Settlement Class Member that his or her claims lack merit or that the relief requested is inappropriate, improper, unavailable, or as a waiver by any Party of any defense or claims they may have in this Litigation or in any other lawsuit.

15.    **Continuance of Hearing.** The Court reserves the right to adjourn or continue the Final Fairness Hearing and related deadlines without further written notice to the Settlement Class. If the Court alters any of those dates or times, the revised dates and times shall be posted on the Settlement Website maintained by the Settlement Administrator. The Court may approve the Settlement, with such modifications as may be agreed upon by the Parties, if appropriate, without further notice to the Settlement Class.

16.    **Stay of Litigation.** All proceedings in the Litigation, other than those related to approval of the Settlement Agreement, are hereby stayed. Further, any actions brought by Settlement Class Members concerning the Released Claims are hereby enjoined and stayed pending Final Approval of the Settlement Agreement.

17.    **Schedule and Deadlines.** The Court orders the following schedule of dates for the specified actions/further proceedings:

| **From Order Granting Preliminary Approval** | |
|---|---|
| CAFA Notice to State and Federal officials | +10 days after filing Motion for Preliminary Approval |
| ParkMobile will deposit $300,000 into the Settlement Administration Fund | +21 days after Preliminary Approval |
| ParkMobile provides Settlement Class List to the Settlement Administrator | +21 days after Preliminary Approval |
| Settlement Website Active | +30 days after Preliminary Approval |
| Notice Deadline | +30 days after Preliminary Approval |
| | |

| **From Notice Date** | |
|---|---|
| Class Counsel's Motion for Attorneys' Fees, Reimbursement of Litigation Expenses, and Class Representatives' Service Awards | +45 days after Notice Deadline |
| Objection Date | +60 days after Notice Deadline |
| Opt-Out Date | +60 days after Notice Deadline |
| Claims Deadline | +90 days after Notice Deadline |
| | |
| Initially Approved Claims List | +35 days after Claims Deadline |
| Initially Rejected Claims List | +35 days after Claims Deadline |
| Parties' Challenge to any Claims | +21 days from Deficiency Notice to Claimant |
| | |
| **Final Approval Hearing** | No less than + 120 days after Preliminary Approval Order |
| Motion for Final Approval | -14 days before Final Approval Hearing |
| Settlement Administrator Provide to Court Notice of Opt-Outs and/or Objections | -14 days before Final Approval Hearing |
| | |
| **Final Approval** | |
| Effective Date | +35 days after Final Approval Order or the date of receipt of an order by the highest appealable court affirming the Final Approval Order and Judgment or otherwise disposing of the appeal with prejudice. |
| Defendant's Payment of Settlement Fund amount to Settlement Administrator | +21Days after Effective Date |
| Settlement Administrator Payment of Attorneys' Fees and Expenses to Class Counsel | +30 days after Effective Date |
| Settlement Administrator mail Settlement Payments | +90 days after Effective Date |
| Settlement Website Deactivation | +90 days after Effective Date |

SO ORDERED THIS _____ DAY OF _____, 2024.


_____
Hon. Steve C. Jones
United States District Court Judge