

Cameron L. Hess
Director
chess@fennemorelaw.com

10640 Mather Blvd, Suite 200
Mather, California 95655
PH (916) 273-1810
fennemorelaw.com

December 12, 2024

**FIRST CLASS MAIL**

Honorable Judge Steven Jones
United States District Court
1967 Richard B. Russell Federal Building
75 Ted Turner Drive, SW
Atlanta, GA 30303-3309



    Re:    Baker, et. al. v. ParkMobile, LLC
              Case NO. 1:21-cv-02182-SCJ

Honorable Steven Jones:

    As a claimant, I am writing for myself, and not my firm. However, my background and practice includes business law as a practicing attorney of 40-years, including clients who I believe are representative of many of the claimants in the above class action.

    While we support your decision to allow the settlement, we ask you intervene concerning the process to carry-out the payment of claims on settlement because the process will in fact prevent the full payment to 30-40% of potential claimants. It is no surprise that I find that their procedure will preclude me making a $25 claim as well.

    <u>Settlement</u>.

    While I am likely affected by the data breach, I do support the settlement as it is in the best interests of all parties; however, the claim submission process requires correction.[1] While the settlement itself provides recovery for ParkMobile LLC's data breach of $25.00 in cash where a

---

[1] I have been personally adversely affected by another earlier data breach by another company, suffering loss of time and money, including lost work from the data breach. In fact, the impact of protecting myself, but credit freeze, has precluded me from obtaining credit cards despite a credit rating well above 810. I am personally concerned that having had the costs of freeze my credit for 7-years, adding yet another 7-years due to the data breach by Park Mobil will result in a real harm.

---

**FENNEMORE.**
WKBKY
Honorable Judge Steve Jones
December 12, 2024
Page 2

claim is filed, otherwise $1.00, the claim procedures will block recovery of a $25.00 recovery not only to me, but to a large group of claimants.

The reason is that the only permitted to receive payment of $25.00 on a claim is specified as through a PayPal, Venmo or Zelle account, or by Virtual Cards to be emailed. I am not atypical to the 26% of the population who finds that that the cash-pay app is not used for good reason, and that any delivery by email will either be blocked as a mass-mailing or junked. You may not realize that:

- Thirty percent (30%) of US adults do not use PayPal. https://techreport.com/statistics/software-web/paypal-user-statistics/.

- Twenty-six percent (26%) of the US Population uses none of these cash-pay apps. https://www.pewresearch.org/short-reads/2022/09/08/payment-apps-like-venmo-and-cash-app-bring-convenience-and-security-concerns-to-some-users/.

- The Consumer Fraud Protection Bureau Director has warned against their use. https://www.cnn.com/2023/06/02/investing/payment-apps-safety/index.html

You probably do realize, your honor, that were claimants to use the alternative option that sending an email to hundreds of thousands of persons to share a Virtual Card, whatever that is, will likely be blocked by most any email security system; and even should the email survive blockage, it will likely be junked among the hundreds of emails, from vitamin advertisements to other promoters that send an ubiquitous promise of a credit benefit "Here is your virtual…..".

It is not irrational to realize ParkMobile likely understood that persons not understanding the financial system, would not realize that it's proposal under a guise of security would in fact be a highly effective means to clearly prevent claimants from making a claim for $25.00; many of those making a claim will never receive or see the $25.00 credit. And, the wisest and most foolish will simply surrender and settle for only 4% of the offer; exactly $1.00.

### Recommendation

It is our impression that your ruling in support of the settlement was based on the opportunity for claimants to receive $25.00 and not simply giving every claimant the sum of $1.00. We would urge you to re-direct the implementation of the claims procedures for the settlement. It is not too late. And, allowing a claimant to make a claim and receive payment by reasonable, broadly acceptable means should be implemented consistent with many other class claims. **That *should* include mailing a check, allowing an ACH deposit, a credit back to a credit card on file or mailing prepaid debit card**. ACH, prepaid debit cards and a credit to the active credit card provides a secured way to make payment of the $25.00 settlement. In addition, we note that payment by check or by prepaid credit card, mailed to the claimant is reasonably secure.

**FENNEMORE.**
WKBKY
Honorable Judge Steve Jones
December 12, 2024
Page 3

The United States Treasury has recognized not only that ACH authorizations are a safe and secure way of paying refunds, but has trusted the United States Postal Service as a reliable and secure system that has for over 100-years safely delivered checks. The California Treasury has likewise used mailed prepaid refund cards. These debt cards can be deposited to a bank or used to pay bills, also provides funds to persons without a bank account.

Given these safe and secure means, we do not see that the methods proposed are in the best interests of the claimants where they limit the effective payment to them of $25.00 as the settlement amount. We further note that the claims page already includes information on the claimants address to which a check or debit card for $25.00 could be mailed.

### ParkMobile Positions.

Obviously, ParkMobile may argue is that the payment selection is more secure and can be resolved by simply signing up for a service or is more secure.

However, it is not in the interests of anyone, nor should it be required, that a claimant sign up for a cash-pay app service they neither use nor want, and which may create greater financial vulnerability to themselves. And, this Court can recognize that claims may be paid simply by check or a prepaid credit card or a credit back on a credit card or by ACH. If it works for the United States Treasury and California's Treasurer, it can work for ParkMobile. Nor is the cost of mailing out checks unduly onerous; it has been used for decades to settle class claims.

Rule 23 of the Federal Rules of Civil Procedure simply requires that certain notices be provided in a reasonable manner. It does not cover payment.

However, it is not unreasonable to recognize and require ParkMobile to implement procedures to assure payment of $25.00 by established means that are broadly available to most everyone. Excluding 26 percent of the population is not reasonable. That the defendant proposes either (i) a method of payment that is uncommon to 26 percent of the claimants, or instead use a method that is commonly blocked or junked, is simply not a reasonable means, if where there are more common, broader, reasonable means to pay out a claim.

### Timing.

ParkMobile may also argue that it is too late to object to the settlement, because the opportunity for making objections has passed.

However, the claim period is for three months and can be quickly corrected and extended.

Furthermore, in the settlement process the claimants were not given a clear opportunity to understand the payment process, or that they were designed in such a manner to assure that a large

**FENNEMORE.**
WKBKY

Honorable Judge Steve Jones
December 12, 2024
Page 4

percentage would never actually receive payment of the $25.00, whether or not they submitted a written claim.

We ask that you act immediately and responsibly to redirect the parties to implement a correction to the settlement to allow claims to be paid out in broader manner that is available to all claimants and it is not in the interests of ParkMobile to assure that claimants will never receive a $25.00 payment.

Your attention to this is graciously appreciated.

Very truly yours,

*[signature]*

Cameron L. Hess

CHES/ches
CHESS/50794989.1/099507.0059

| Your claim must be submitted online or postmarked by: **March 5, 2025** | *Baker, et al. v. ParkMobile, LLC*<br>Case No. 1:21-cv-02182-SCJ<br>United States District Court<br>Northern District of Georgia, Atlanta Division | **PARKMOBILE CLAIM** |
|---|---|---|

## ParkMobile Data Security Incident Claim Form

### I. SETTLEMENT CLASS MEMBER NAME AND CONTACT INFORMATION

Provide your name and contact information below. You must notify the Settlement Administrator if your contact information changes after you submit this Claim Form.

| First Name | Last Name |

| Street Address |

| City | State | Zip Code |

| Email Address | Telephone Number | Notice ID |

### II. PAYMENT SELECTION

Please select from **one** of the following payment options:

☐ _____ **PayPal** - Enter your PayPal email address: _____

☐ _____ **Venmo** - Enter the mobile number associated with your Venmo account: __ __ __-__ __ __-__ __ __ __

☐ _____ **Zelle** - Enter the mobile number or email address associated with your Zelle account:

Mobile Number: __ __ __-__ __ __-__ __ __ __ or Email Address: _____

☐ _____ **Virtual Prepaid Card** - Enter your email address: _____

### III. ATTESTATION & SIGNATURE

By signing and submitting this Claim Form, I hereby attest under penalty of perjury that I am a Settlement Class Member whose Personal Information was impacted by the Data Security Incident, and that I want to receive a cash payment from the **Baker, et al. v. ParkMobile, LLC** class action settlement.

_____          _____          _____
Signature                                            Printed Name                                                Date

**QUESTIONS? VISIT WWW.PARKMOBILESETTLEMENT.COM OR CALL TOLL-FREE 1-866-944-4062.**



FENNEMORE
WKBKY

10□□ □ather Blvd
Suite 200
Mather, California 95655

CLEARED DATE
DEC 1 8 2024
U.S. Marshals Service
Atlanta, GA 30303

SACRAMENTO CA 957
13 DEC 2024 PM 4 L
FIRST-CLASS

US POSTAGE (IMI) PITNEY BOWES

ZIP 95655
02 7H
0006190275    $ 000.69⁰
DEC 13 2024



Honorable Judge Steven Jones
United States District Court
1967 Richard B. Russell Federal Building
75 Ted Turnder Drive, SW
Atlanta, GA 30303-3309

CLEARED DATE
DEC 1 8 2024
U.S. Marshals Service
Atlanta, GA 30303

30303-335899

