## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

TYLER BAKER, MARIAM GEORGE,
EMMA JACKSON, SAIT
KURMANGALIYEV, GREGORY
MANSON, HERIBERTO TRAVIESTO
and JACK WEAVER, *on behalf of
themselves and all others similarly
situated*,

        Plaintiffs,

    v.

PARKMOBILE, LLC,

        Defendant.

Case No. 1:21-CV-02182-SCJ

Judge Steve C. Jones

## ORDER OF FINAL APPROVAL

**WHEREAS**, a Settlement Agreement and Release, dated as of October 25,

2024 (the "Settlement Agreement" or "Settlement"), was made and entered into by

and among the following Parties: (i) Plaintiffs Tyler Baker, Mariam George, Emma

Jackson, Sait Kurmangaliyev, Gregory Manson, Herbierto Traviesto, and Jack

Weaver (the "Settlement Class Representatives" or "Plaintiffs"), individually and on

behalf of the Settlement Class Members, by and through MaryBeth V. Gibson of

Gibson Consumer Law Group, LLC and Arthur Murray of The Murray Law Firm

(collectively, "Class Counsel"); and (ii) Defendant ParkMobile, LLC ("ParkMobile"

1

or "Defendant"), for the benefit of all Released Parties, by and through ParkMobile's counsel of record, Joshua L. Becker and Tammy B. Webb of Shook, Hardy & Bacon LLP (collectively, "Defendant's Counsel"); and

**WHEREAS**, on November 5, 2024, the Court entered a Preliminary Approval Order [ECF No. 278] that, among other things, (a) preliminarily certified, pursuant to Federal Rule of Civil Procedure 23, a class for the purposes of settlement only; (b) approved the form of Notice to Settlement Class Members, and the method of dissemination thereof; (c) directed that the Notice of the Settlement be disseminated to the Settlement Class; and (d) set a hearing date for final approval of the Settlement; and

**WHEREAS**, the Notice to the Settlement Class ordered by the Court has been disseminated as ordered, according to the declaration of Steven Weisbrot filed with the Court on February 27, 2025; and

**WHEREAS**, the notice pursuant to the Class Action Fairness Act ("CAFA Notice") ordered by the Court has been provided, according to the declaration of Steven Weisbrot filed with the Court on February 27, 2025; and

**WHEREAS**, on March 13, 2025, a final approval hearing was held on whether the settlement set forth in the Settlement Agreement was fair, reasonable, adequate, and in the best interests of the Settlement Class, such hearing date being

an appropriate number of days after Notice to the Settlement Class and CAFA Notice were issued; and

**NOW THEREFORE**, having reviewed and considered the submissions presented with respect to the settlement set forth in the Settlement Agreement and the record in these proceedings, having heard and considered the evidence presented by the parties, as well as the arguments of counsel, and having determined that the settlement set forth in the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class;

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

1.    The Court incorporates by reference the definitions set forth in the Settlement Agreement and the Preliminary Approval Order.

2.    The Court finds it has personal and subject-matter jurisdiction over this matter, the Parties, and all Settlement Class Members.

3.    The Settlement was entered into in good faith following arm's length negotiations and is non-collusive.

4.    The Settlement is, in all respects, fair, reasonable, and adequate, and is in the best interests of the Settlement Class, and is therefore approved. The Court finds that the Parties faced significant risks, expenses, delays and uncertainties, including as to the outcome of continued litigation of this complex matter, which further supports the Court's finding that the Settlement is fair, reasonable, adequate

and in the best interests of the Settlement Class Members. The Court finds that the uncertainties of continued litigation in both the trial and appellate courts, as well as the expense associated with it, weigh in favor of approval of the Settlement.

5.    This Court grants final approval of the Settlement, including but not limited to the releases in the Settlement and the plans for distribution of the settlement relief. The Court finds that the Settlement is in all respects fair, adequate and reasonable, including with respect to its opt-out provisions, and in the best interest of the Settlement Class. Therefore, all Settlement Class Members who have not opted out are bound by the Settlement and this Final Approval Order.

6.    The Settlement Agreement, and each and every term and provision thereof, shall be deemed incorporated herein as if explicitly set forth herein and shall have the full force and effect of an order of this Court.

7.    Settlement Class Representatives, Class Counsel, Defendant, the Settlement Administrator, and Settlement Class Members shall consummate the Settlement according to the terms of the Settlement Agreement.

## OBJECTIONS AND OPT-OUTS

8.    Three (3) objections were filed by Settlement Class Members. The Court has considered their objections and finds them to have been resolved by Class Counsel or are unmeritorious.

4

9. All persons who have not objected to the Settlement in the manner provided in the Settlement are deemed to have waived any objections to the Settlement, including but not limited to by appeal, collateral attack, or otherwise.

10. A list of those Settlement Class Members who have timely and validly elected to opt out of the Settlement and the Settlement Class in accordance with the requirements in the Settlement (the "Opt-Out Members") has been submitted to the Court in the Declaration of Steven Weisbrot, filed in advance of the final approval hearing. That list is attached as Exhibit A to this Final Approval Order. The persons listed in Exhibit A are not bound by the Settlement or this Final Approval Order, and are not entitled to any of the benefits under the Settlement. Opt-Out Members listed in **Exhibit A** shall be deemed not to be Released Parties.

## CLASS CERTIFICATION

11. For purposes of the Settlement and this Final Approval Order, the Court hereby finally certifies for settlement purposes only the following Settlement Class:

> All individuals that received or were otherwise sent notice that their Personal Information was potentially compromised due to ParkMobile's Data Security Incident.

Specifically excluded from the Settlement Class is the Judge presiding over this Action and members of his direct family, and Settlement Class Members who submit a valid Request for Exclusion prior to the Opt-Out Deadline.

12.    The Court determines that for settlement purposes only, the proposed Settlement Class meets all the requirements of Federal Rules of Civil Procedure ("Rules") 23(a) and (b)(3) and should be finally certified:

a.    Numerosity: Rule 23(a)(1) requires that a proposed settlement class be "so numerous that joinder of all class members is impracticable." Fed. R. Civ. P. 23(a)(1). Here, there are approximately 21,000,000 Settlement Class Members. The Court finds that numerosity is satisfied.

b.    Commonality: Rule 23(a)(2) requires that there be "questions of low or fact common to the class." Fed. R. Civ. P. 23(a)(2). Here, the Settlement Class Members are joined by the common questions of law and fact that arise from the same alleged event—the Data Security Incident. The common questions include: whether Defendant owed Plaintiffs and the Settlement Class a duty to reasonably secure their personally identifying information ("PII"); whether Defendant breached their duty by implementing inadequate data security; whether Plaintiffs and the Settlement Class suffered harm due to the theft and potential misuse of their PII; and whether Plaintiffs and the Settlement Class's damages are reasonably quantifiable. Commonality is satisfied.

6

c.    Typicality: Rule 23(a)(3) requires that "the claims or defenses of the representative parties [be] typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). Plaintiffs satisfy the typicality requirement because their claims arise from the same factual nexus and are based on the same legal theories as the claims of members of the Settlement Class. Like Plaintiffs, other members of the Settlement Class were subject to the alleged Data Security Incident and have suffered the same type of injuries.

d.    Adequacy: The adequacy requirement is satisfied when "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). The Court finds that the proposed Settlement Class Representatives have fulfilled their responsibilities on behalf of the Settlement Class. The Court further finds that Class Counsel have prosecuted the case vigorously and in the best interests of the Settlement Class. Adequacy of representation is satisfied.

e.    Predominance: Rule 23(b)(3) requires that "questions of law or fact common to class members predominate over any questions affecting only individual members." Fed. R. Civ. P. 23(b)(3). Here, the many common questions of fact and law that arise from the alleged

7

Data Security Incident and Defendant's alleged conduct predominate over any individualized issues.

f.    Superiority: Rule 23(b)(3) also requires a finding that class treatment is "superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). Class resolution is superior to other available means for the fair and efficient adjudication of the claims in this case. Here, potential damages suffered by individual Settlement Class Members are relatively low-dollar amounts and would be uneconomical to pursue on an individual basis given the burden and expense of prosecuting individual claims. Moreover, there is little doubt that resolving all Settlement Class Members' claims jointly, particularly through a class-wide settlement negotiated on their behalf by counsel well-versed in class action litigation, is superior to a series of individual lawsuits and promotes judicial economy.

13.    For settlement purposes only, the Court grants final approval to the appointment of Plaintiffs Tyler Baker, Miriam George, Emma Jackson, Sait Kurmangaliyev, Gregory Manson, Heriberto Travieso, and Jack Weaver as the Settlement Class Representatives. The Court concludes that the Settlement Class

Representatives have fairly and adequately represented the Settlement Class and will continue to do so.

14.    For settlement purposes only, the Court grants final approval to the appointment, pursuant to Rule 23(g), of MaryBeth V. Gibson of Gibson Consumer Law Group, LLC and Arthur M. Murray of Murray Law Firm as Class Counsel for the Settlement Class. The Court concludes that Class Counsel have fairly and adequately represented the Settlement Class and will continue to do so.

## NOTICE TO THE SETTLEMENT CLASS

15.    The form, content, and method of dissemination of the Notice given to the Settlement Class were adequate and reasonable, and constituted the best notice practicable under the circumstances. The Notice, as given, provided valid, due, and sufficient notice of the proposed settlement, the terms and conditions set forth in the Settlement Agreement, their right to exclude themselves, their right to object to the Settlement and appear at the Final Approval Hearing, and of these proceedings to all persons entitled to such Notice, and said Notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, constitutional due process, and any other legal requirements.

16.    The CAFA Notice provided by the Settlement Administrator met all requirements of the Act.

17.    The Settlement Class Representatives and Class Counsel fairly and adequately represented the interests of Settlement Class Members in connection with the settlement set forth in the Settlement Agreement.

18.    Every Settlement Class Member who exercised their right to opt out of the Settlement is hereby excluded from the Settlement Class.

19.    Each Released Claim of each Releasing Party is hereby extinguished as against the Released Parties.

### AWARD OF ATTORNEYS' FEES AND SERVICE AWARDS

20.    The Court having considered Plaintiffs' Renewed Motion for An Award of Reasonable Attorneys' Fees and Litigation Expense [ECF No. 299] hereby grants the Motion and awards Class Counsel $6,178,387.00 in attorneys' fees based on their lodestar (which excludes all fees related to the Motion for Final Approval and analyzing and responding to objections). Given the degree of risk Class Counsel undertook, the 9,077.4 hours expended in the prosecution of this litigation (which excludes all time for work related to the Motion for Final Approval and analyzing and responding to objections), and the beneficial result achieved for the Settlement Class, Class Counsel's request reflects a reasonable attorneys' fee award under the lodestar method. The Court has considered the independent evidence submitted in support of Plaintiffs' Renewed Motion for Attorneys' Fees and Expenses at ECF No. 299-3 and Class Counsel's Declaration at ECF No. 299-2 and finds the rates are in

10

accord with the prevailing rates for class action and complex commercial litigation in the Northern District of Georgia and finds that similar rates to Class Counsel's rates have been approved in this district in the class context. Class Counsel are experienced class action litigators and have significant experience in data breach litigation analogous to the instant action. Class Counsel have demonstrated a strong track record of leading data breach cases and obtaining favorable results for plaintiffs. Given the skill and experience of Class Counsel, along with the specialized nature of data breach litigation their rates are reasonable.

21.    The Court finds that Class Counsel's lodestar of 9,077.4 hours were reasonably expended on the litigation. The Court's analysis considered that Class Counsel implemented a billing and time keeping protocol, which required all Plaintiff firms working on the litigation to keep detailed records of the number of hours expended by attorneys and staff and descriptions of the type of work each person performed and that these entries were submitted to Interim Co-Lead Class Counsel for review on a monthly basis. Each time entry was further marked with an appropriate billing code to indicate the specific category of work performed. The Court finds that Class Counsel worked to efficiently staff this litigation, minimize the hours expended in the prosecution of this litigation, and avoid the duplication of work. Given the substantial efforts required to litigate the action to the class certification and summary judgment stages, Class Counsel expended substantial

time and effort which was necessary in the prosecution of this action. Given the reasonableness of Counsel's hourly rates, and the reasonable number of hours required to successfully prosecute this action, the Court finds that Class Counsel's lodestar of $6,178,387.00 is reasonable.

22. The Court finds that the factors set forth in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974) are satisfied. The *Johnson* factors considered by the Court include: (1) the results obtained and fees in similar cases; (2) the novelty and difficulty of the questions involved; (3) the preclusion of other employment due to the acceptance of the case; (4) whether the fee is fixed or contingent; (5) the experience, reputation, and ability of the attorneys; and (6) the time and labor required. *In re S. Co. S'holder Derivative Litig.*, 2022 WL 4545614, at *10 (N.D. Ga. June 9, 2022) (citing *Johnson*, 488 F.2d at 717-19). "Other relevant factors include the number of objections from class members, the risks undertaken by class counsel, and the economics of handling class actions." *In re Equifax Inc. Customer Data Sec. Breach Litig.*, 2020 WL 256132, at *32 (N.D. Ga. Mar. 17, 2020) (Thrash, J.). Recognizing that every factor need not necessarily be considered, the Court has reviewed each of the *Johnson* factors listed and finds that Plaintiffs

have satisfied each factor which further supports the reasonableness of Class Counsel's fee and expense request.

23.    The Court also considered the number of objectors.    Only three objections were made out of a class of twenty-one million class members.    The extremely small number of objections supports the reasonableness of the requested fee and expense award. *In re Home Depot, Inc., Customer Data Security Breach Litigation,* 2016 WL 6902351, at *4 (N.D. Ga. August 23, 2016) (objections from an "infinitesimal percentage" of the class "indicates strong support" for the settlement).

24.    The Court also considered the risks undertaken by Class Counsel in pursing the litigation and finds that Class Counsel undertook substantial risks in pursuing this case and invested substantial time and effort litigation the action, which also supports the reasonableness of the requested fee and expense award. *See In re Equifax*, 2020 WL 256132, at *35.

25.    Class Counsel incurred $765,072.28 in expenses in furtherance of litigating this Action. The expenses incurred consist of filing fees, mediation fees, discovery costs, multiple experts' fees, depositions, travel, and transcripts. These expenses were reasonably and necessarily incurred to advance the litigation and are the categories of expenses routinely charged to paying clients in the marketplace. Expenses incurred in furtherance of the claims of a class are properly recovered by

13

counsel. *Dowdell v. Apopka*, 698 F.2d 1181, 1192 (11th Cir. 1983) ("all reasonable expenses incurred in case preparation, during the course of litigation, or as an aspect of settlement" may be recovered); *Mahoney v. TT of Pine Ridge, Inc.*, 2017 WL 9472860, at *12 (S.D. Fla. Nov. 20, 2017) (awarding expenses for the "mediation fee, ... expert witness fee, and ... filing and travel"). The Court finds the amount of fees and expenses to be fair and reasonable.

26. Thus, the Court awards Class Counsel $6,178,387.00 in attorneys' fees based on their lodestar (which excludes all fees related to the Motion for Final Approval and analyzing and responding to objections), and reimbursement of $765,072.28 in litigation expenses, hereby extinguishing any claims for any such fees, costs, or expenses as against the Released Parties. Class Counsel's fee and expense award shall be paid in accordance with the Settlement Agreement.

27. Service awards in the amount of $5,000.00 are to be paid to each of the seven Settlement Class Representatives for their participation in this Action, totaling $35,000.00. "[I]ncentive awards are appropriate. The Court finds the amount of service awards to be fair and reasonable to recognize the efforts of the representative plaintiffs to obtain recovery for the class." *In re Domestic Air Transp.*, 148 F.R.D. at 358. Courts in the Eleventh Circuit continue to find service awards are permitted for common law claims in diversity cases. *See, e.g.*, *Cain et al. v. CGM, LLC*, Case No. 1:23-cv-02604-SEG at ECF No. 80 (N.D. Ga. Mar. 10, 2025) (Geraghty, J.)

(awarding a total of $11,500 in service awards to seven class representatives); *Tims v. LGE Cmty. Credit Union*, 2023 WL 11915734 (N.D. Ga. Nov. 29, 2023) (Thrash, J.) ("As this Court, and other courts in the Eleventh Circuit have explained, state law governs the issue of Service Awards in diversity actions.") (awarding $10,000 service award); *Dusko v. Delta Airlines, Inc.*, Case No. 1:20-cv01664-ELR, ECF No. 110 at 25 (N.D. Ga. Oct. 5, 2023) ("Georgia law permits providing Service Awards to class representatives."). The services provided by the Settlement Class Representatives warrant the limited financial recognition sought. Indeed, the action has lasted over three years and Class Representatives worked diligently to represent the best interests of their fellow class members. They spent countless hours responding to discovery, locating and producing documents, sitting for depositions, advising counsel, and being involved in prosecuting a complex civil case on behalf of consumers throughout the country.

28. This award of attorneys' fees and expenses and service awards is independent of the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement.

## OTHER PROVISIONS

29. The parties to the Settlement shall carry out their respective obligations thereunder.

30. Within the time period set forth in the Settlement, the relief provided for in

the Settlement shall be made available to the Settlement Class Members, pursuant to the terms and conditions of the Settlement.

31. As of the Effective Date, the Releasing Parties release any and all Released Claims, defined as: any and all claims or causes of action of every kind and description, including but not limited to any claims or causes of action in law, contract, tort or equity, complaints, suits, or petitions, any allegations of wrongdoing, alleged violations of law, demands for legal, equitable or administrative relief (including, but not limited to, any claims for injunction, rescission, reformation, restitution, disgorgement, unjust enrichment, constructive trust, declaratory relief, damages, compensatory damages, consequential damages, penalties, exemplary damages, statutory damages, punitive damages, contract damages, attorneys' fees, costs, interest or expenses) that the Releasing Parties had, have, or may claim now or in the future to have (including, but not limited to, assigned claims and any and all "Unknown Claims" as defined in this Agreement) that were or could have been asserted or alleged arising out of the Data Security Incident or the same nucleus of operative facts as any of the claims alleged or asserted in the Action (including but not limited to the facts, transactions, occurrences, events, acts, omissions, or failures to act that were alleged, argued, raised, or asserted in any pleading or court filing in the Action), or any related litigation, whether or not those claims, demands, actions, or causes of action have been pleaded or otherwise asserted, including any and all

damages, losses, or consequences thereof. In addition, Released Claims includes but is not limited to any claim, cause of action, suit or demand for relief concerning: (a) the disclosure of the Settlement Class Members' Personal Information in the Data Security Incident; (b) Released Parties' maintenance of the Settlement Class Members' Personal Information as it relates to the Data Security Incident; (c) Released Parties' security policies and practices; (d) Released Parties' handling of the Data Security Incident, and/or (e) Released Parties' provision of notice to the Settlement Class Members following the Data Security Incident, whether or not those claims, demands, actions, or causes of action have been pleaded or otherwise asserted, including any and all damages, losses, or consequences thereof. The foregoing includes, but is not limited to, any claim, suit, or proceeding that could be brought under any general business law, deceptive trade practice act, unfair competition law, privacy law, or similar law or regulation, which includes but is not limited to: Georgia's Uniform Deceptive Trade Practices Act (O.C.G.A. §§ 10-1-370, et seq.); California's Legal Remedies Act (Cal. Civ. Code §§ 1750, et seq) and Consumer Privacy Act (Cal. Civ. Code § 1798.150); Florida's Deceptive and Unfair Trade Practices Act (Fla. Stat. §§ 501.20, et seq.); New York's General Business Law (N.Y. Gen. Bus. Law § 349); Pennsylvania's Unfair Trade Practices Act (73 P.S. § 201-1 et seq.); Virginia's Consumer Protection Act (V.S. §§ 59.1-196, et seq.); and Vermont's Consumer Protection Act (9 V.S.A. § 2451).

32. As of the Effective Date, the Released Parties will be deemed to have been completely released and forever discharged from the Released Claims.

33. The Releasing Parties are enjoined from prosecuting any Released Claims in any proceeding against any of the Released Parties or prosecuting any claim based on any actions taken by any of the Released Parties that are authorized or required by the Settlement or by the Final Approval Order. The Settlement and/or this Final Approval Order may be pleaded as a complete defense to any proceeding subject to this section.

34. This Final Approval Order, the Settlement, and all acts, statements, documents, and proceedings relating to the Settlement are not, and shall not be construed as, used as, or deemed to be evidence of, an admission by or against Defendant of any claim, any fact alleged in the Action, any fault, any wrongdoing, any violation of law, or any liability of any kind on the part of Defendant or of the validity or certifiability as a class for litigation of any claims that have been, or could have been, asserted in the Action.

35. This Final Approval Order, the Settlement, and all acts, statements, documents, and proceedings relating to the Settlement shall not be offered, received, or admissible in evidence in any action or proceeding, or be used in any way as an admission, concession or evidence of any liability or wrongdoing of any nature or that Plaintiffs or any Settlement Class Member has suffered any damage; *provided*,

*however*, that nothing in the foregoing, the Settlement, or this Final Approval Order shall be interpreted to prohibit the use of the Settlement or this Final Approval Order in a proceeding to consummate or enforce the Settlement or this Final Approval Order (including all releases in the Settlement and Final Approval Order), or to defend against the assertion of any Released Claims in any other proceeding, or as otherwise required by law.

36. The Settlement's terms shall be forever binding on, and shall have *res judicata* and preclusive effect in, all pending and future lawsuits or other proceedings as to Released Claims (and other prohibitions set forth in this Final Approval Order) that are brought, initiated, or maintained by, or on behalf of, any Settlement Class Member who has not opted out or any other person subject to the provisions of this Final Approval Order.

37. The Court hereby dismisses the Action and all claims therein on the merits and with prejudice as to the Defendant, without fees or costs to any Party except as provided in this Final Approval Order.

38. In the event the Effective Date does not occur, this Final Approval Order and all orders entered in connection herewith shall be vacated and null and void. All of the Parties' obligations under the Settlement, the Preliminary Approval Order, this Final Approval Order shall cease to be of any force and effect, and the Parties shall return to the status quo ante in the Action as if the Parties had not entered into the

Settlement. In such an event, the Parties shall be restored to their respective positions in the Action as if the Settlement Agreement had never been entered into (and without prejudice to any of the Parties' respective positions on the issue of class certification or any other issue).

39. Without affecting the finality of this Final Approval Order in any way, this Court retains continuing jurisdiction over the Parties and the Settlement Class for the administration, consummation, and enforcement of the terms of the Settlement Agreement as set forth in the Settlement Agreement.

40. In conclusion, the Motion for Final Approval of Class Action Settlement and Final Certification of Settlement Class (Doc. No. [287]) and Amended Motion for Attorney Fees and Litigation Expenses (Doc. No. [299]) are **GRANTED**.

**SO ORDERED THIS** 5th **day of May, 2025.**

Hon. Steve C. Jones
United States District Court Judge

# EXHIBIT A

*Baker, et al. v. ParkMobile, LLC*
Case No. 1:21-cv-02182-SCJ
United States District Court for the Northern District of Georgia, Atlanta Division

**ParkMobile Data Security Incident Settlement – Requests for Exclusion**

| # | FIRST NAME | LAST NAME |
|---|---|---|
| | REQUESTS FOR EXCLUSION | |
| 1 | DEBORAH | ALLAN |
| 2 | THOMAS | ASHCRAFT |
| 3 | STEFANIE L | BACHHUBER |
| 4 | ALEXANDER | BARINOV |
| 5 | STACEY | BERDOS-DUARTE |
| 6 | WAYNE | BROWN |
| 7 | YUSIMY | CERUTO |
| 8 | RYAN | COLLINS |
| 9 | DALTON | CRISTINI |
| 10 | KEVIN | CROSS |
| 11 | EMONI | DANIELS |
| 12 | JOHN F | DEXTER VI |
| 13 | KOSTA | DJORDJEVIC |
| 14 | EVAN | FREUDER |
| 15 | ADAM | GELFELD |
| 16 | BETTE | GERTRUDE FEIST |
| 17 | JESSE | GROVES |
| 18 | NATHAN | HOBSON |
| 19 | JANET | HORLACHER |
| 20 | GREGORI | JENKIHS |
| 21 | KATHRYN | KARELIUS |
| 22 | DENNY | KIM |
| 23 | FERDINAND | KOSNAC |
| 24 | RICHARD | KRISTAK |
| 25 | AMY | LAGERMAN |
| 26 | STEVEN | LANDRY |
| 27 | LEE | LEE |
| 28 | MICHAEL | MAZZOCCO |
| 29 | JESSICA | MAZZOCCO |
| 30 | STEPHEN | MCKIM |
| 31 | ALBERTO | MEDINA |
| 32 | ROBERT | MICHELUCCI |
| 33 | ROBERT | NGO |
| 34 | MEGAN | PIGOTT |
| 35 | PUISA | PLAZEK |

*Baker, et al. v. ParkMobile, LLC*
Case No. 1:21-cv-02182-SCJ
United States District Court for the Northern District of Georgia, Atlanta Division

| REQUESTS FOR EXCLUSION |||
|---|---|---|
| # | FIRST NAME | LAST NAME |
| 36 | DANIEL | PLAZEK |
| 37 | LEE | PROHOFSKY |
| 38 | MITCHELL | REED |
| 39 | LACEY | REYNOLDS |
| 40 | JULIA | RICCO |
| 41 | LARRY | ROSSER |
| 42 | IRVIN | SALGADO |
| 43 | REBECCA | SMYRL |
| 44 | DAVID | SOLIMANO |
| 45 | CAROLYN | TAMAYO |
| 46 | BRUCE R | THOMADSEN |
| 47 | EDWARD | THOMAS |
| 48 | DAVID | THOMPSON |
| 49 | PATRICK | TRAPPE |
| 50 | GUIDO | VERRECCHIA |
| 51 | JODY MARIE | VETSCH |
| 52 | META | VOELKER |
| 53 | JEREMY | WALCH |
| 54 | DAN | WEISS |

2